UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LTDA.,

Chapter 15

Case No.: 25-23659−CLC

Debtor in a Foreign Proceeding.
_____/

## MOTION FOR ORDER EXTENDING COMITY TO AND ENFORCING EXTENSION AND VEIL PIERCING ORDER

Átila Sauner Posse Sociedade de Advogados ("ASPS"), Judicial Administrator of the bankruptcy estate of RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LTDA. (the "Debtor"), files this *Motion for Order Extending Comity to and Enforcing Extension and Veil Piercing Orders* (the "Motion") pursuant to 11 U.S.C. §§ 1507, 1509(b)(3) and 1521(a)(7) `and states:

1. Debtor was placed into liquidation in bankruptcy in Brazil ("Brazilian Bankruptcy") by order of the 2nd Bankruptcy and Judicial Reorganization Court of Curitiba ("Brazilian Bankruptcy Court"), dated October 25, 2022 (the "Brazilian Bankruptcy Decree"). A true and correct copy of the Brazilian Bankruptcy Decree along with a certified translation of same is attached was as Exhibit "2" to the Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Related Relief. Dkt. 2.

2. This Court previously granted recognition to the Brazilian Bankruptcy of Debtor as a foreign main proceeding. Dkt. 7.

3. Subsequently to the Brazilian Bankruptcy Decree, the Brazilian Bankruptcy Court entered an order extending the effects of the Brazilian Bankruptcy to the following entities:

   a. Interag Consultoria e Tecnologia da Informacao Ltda.

   b. Interag Administracao de Fundos Ltda.,

   c. Compralo Administradora de Cartoes Eireli,

   d. Compralo Intermediacao e Agenciamento de Serviços Ltda.,

   e. Intergalaxy Holdings S.A.,

   f. Intertradec S.A.,

   g. Rentex Exchange Ltda.,

   h. ITX Administracao de Bens Ltda.,

   i. Orprass Ltda. and,

   j. Orbank Solucoes em Pagamento Ltda.

*See* Extension and Veil Piercing Order, a true and correct copy of which, along with translation, is attached hereto as **Exhibit A**, p. 19.

4. This extension was based upon the existence of one economic group between the Economic Group Entities and Debtor, evidenced by, among other things:

   a. Having the same principal place of business as the residence of Francisley Valdevino da Silva ("Valdevino"), and Debtor,

   b. Valdevino was a shareholder/manager of the Economic Group Entities,

   c. Mutual control between Debtor and the Economic Group Entities,

   d. Numerous transfers of large sums of funds among the Economic Group Entities and Debtor, frequently in favor of Valdevino.

e.  The executive boards of the Economic Group Entities are always comprised of Valdevino and his mother, Claudete Ribeiro Chagas Proencio.

*Id.*, pp. 1 – 18.

5. Additionally, in the Extension and Veil Piercing Order, the Brazilian Bankruptcy Court also entered an order against Valdevino, piercing the corporate veil between Debtor and Valdevino. *Id.*, p. 20. This ruling was based on, among other things:

a.  Valdevino and/or another of the Economic Group Entities being a shareholder of each of the other Economic Group Entities,

b.  The shared addresses between Valdevino, Debtor and the Economic Group Entities,

c.  Valdevino's role as manager/officer of the Economic Group Entities and Debtor,

d.  Valdevino's use of the Debtor and Economic Group Entities to commingle assets and abuse the corporate form,

e.  Multiple large deposits of funds flowing between Debtor and the Economic Group Entities for Valdevino's benefit, and,

f.  Valdevino's use of Debtor and the Economic Group Entities to shield assets and harm creditors.

*Id.* at 21 – 29.

6. The effect of the extension of a Brazilian bankruptcy to other entities is that the effects of the bankruptcy of the debtor extend to the other entities, as if all assets of the other entities were assets of the debtor and under the debtor's control. Extension and Veil Piercing Order, p. 4.

7. The effect of the veil piercing between the debtor of a Brazilian bankruptcy and the other person or entity is to withdraw the autonomy of assets of the legal entity to extend the effects

of its obligations to its shareholders or managers, making the shareholders or managers assets added to the bankruptcy estate for the payment of creditors. *Id*, p. 19.

8. ASPS seeks the Court to extend comity to the Extension and Veil Piercing Order because ASPS seeks to obtain discovery regarding assets held in the names of the Economic Group Entities and Valdevino.

9. Section 1509(b)(3) states as follows:

(b) If the court grants recognition under section 1517 [11 USCS § 1517], and subject to any limitations that the court may impose consistent with the policy of this chapter [11 USCS §§ 1501 et seq.]—

(3) a court in the United States shall grant comity or cooperation to the foreign representative.

10. Section 1507 states as follows:

(a) Subject to the specific limitations stated elsewhere in this chapter [11 USCS §§ 1501 et seq.] the court, if recognition is granted, may provide additional assistance to a foreign representative under this title or under other laws of the United States.

(b) In determining whether to provide additional assistance under this title or under other laws of the United States, the court shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure—

(1) just treatment of all holders of claims against or interests in the debtor's property;
(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;
(3) prevention of preferential or fraudulent dispositions of property of the debtor;
(4) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title; and
(5) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.

11. Section 1521(a)(7) states:

(a) Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the

> assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—
>
> …
>
> (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

12. Post-recognition of the Brazilian Proceeding, this Court has discretion to extend comity to orders such as the Extension and Veil Piercing Order. For example, recently, the Bankruptcy Court for the District of Delaware enforced a Mexican pre-packaged reorganization plan that included non-consensual third-party releases. *In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.*, 670 B.R. 150 (Bankr. D. Del. 2025). In reaching its decision, that Court stated:

> Upon recognition of a foreign main proceeding, the Court has broad discretion to order enforcement of orders entered in a foreign main proceeding, consistent with the guiding principles of comity. These principles of comity are particularly compelling in the bankruptcy context, where "American courts have long recognized the need to extend comity to foreign bankruptcy proceedings, because the equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding; if all creditors could not be bound, a plan of reorganization would fail." Therefore, when considering whether to enforce an order entered in a foreign main proceeding, U.S. bankruptcy courts should aim to maximize assistance to the foreign court conducting the foreign main proceeding.

*Id*. at 161. *See also CT Inv. Mgmt. Co., LLC v. Carbonell*, 2012 U.S. Dist. LEXIS 3356, at *1 (S.D.N.Y. Jan. 6, 2012) (extending comity and enforcing a Mexican district court's order post-recognition of the Mexican proceeding, pursuant to 11 U.S.C.S. § 1509(b) because the order was not manifestly contrary to the public policy of the United States and would not prejudice the parties or administration of the case).

13. Extending comity to the Extension and Veil Piercing Order as ASPS requests meets all of the concerns of section 1507(b). It will further the aims of Chapter 15 and assist ASPS is discovering and recovering assets for the benefit of Debtor's estate in Brazil. *See* 11 U.S.C. 1501

*et. seq.*; *In re Rede Energia S.A.,* 515 B.R. 69 (S.D.N.Y. 2014) (recognizing the importance of comity in Chapter 15).

14. The Economic Group Entities and Valdevino had notice and opportunity to be heard to contest ASPS's extension and veil-piercing relief. They failed to contest the same. Nevertheless, extending comity and enforcing the Extension and Veil Piercing Order is also not manifestly contrary to United States policy under section 1506.

15. ASPS seeks an Order extending comity to the Extension and Veil Piercing Order.

16. It is unknown if Valdevino or any of the Economic Group Entities have any property in this District, but ASPS asserts that section 109(a) of the Bankruptcy Code does not apply herein. *See In re Al Zawawi*, 97 F.4th 1244 (11th Cir. 2024). Nevertheless, Debtor has property in the United States in this District, including US$1,500.00 in Sequor Law, P.A.'s trust account held on behalf of and for the benefit of Debtor, and the effect of the extension and veil piercing is to treat the Economic Group Entities and Valdevino as if they were each Debtor.

## CONCLUSION

WHEREFORE, ASPS respectfully requests that this Court enter an Order extending comity to, and enforcing, the Extension and Veil Piercing Order and grant such other relief as may be just and proper.

Dated: January 20, 2026                Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
dcoyle@sequorlaw.com
Telephone:   (305) 372-8282
Facsimile:   (305) 372-8202

By:   */s/ Daniel M. Coyle*
Daniel M. Coyle
Florida Bar No.: 55576

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent on January 20, 2026 via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service.

*/s/ Daniel M. Coyle*
Daniel M. Coyle