*EXHIBIT "A"*

SEQUOR LAW, P.A.



**PODER JUDICIÁRIO DO ESTADO DO PARANÁ**
COMARCA DA REGIÃO METROPOLITANA DE CURITIBA - FORO CENTRAL DE CURITIBA
27ª VARA DE FALÊNCIAS E RECUPERAÇÃO JUDICIAL DE CURITIBA - PROJUDI
27ª VARA CÍVEL E EMPRESARIAL REGIONAL. Rua da Glória, 362 - Centro Cívico - Curitiba/PR - CEP: 80.030-060 - Fone:
(41) 3200-4733 - E-mail: CTBA-28VJ-S@tjpr.jus.br

**SENTENÇA**

Classe Processual: Incidente de Desconsideração de Personalidade Jurídica
Assunto Principal: Tutela de Urgência
Processo nº: 0015321-18.2022.8.16.0185

Suscitante(s): MASSA FALIDA DE RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LTDA
representado(a) por ATILA SAUNER POSSE SOCIEDADE DE ADVOGADOS
Suscitado(s): COMPRALO ADMINISTRADORA DE CARTOES EIRELI
        COMPRALO INTERMEDIACAO E AGENCIAMENTO DE SERVICOS LTDA
        FRANCISLEY VALDEVINO DA SILVA
        INTERAG ADMINISTRAÇÃO DE FUNDOS LTDA
        INTERAG CONSULTORIA E TECNOLOGIA DA INFORMACAO LTDA
        INTERGALAXY HOLDINGS SA
        INTERTRADEC S/A
        ITX ADMINISTRADORA DE BENS LTDA
        MYBLOC LTDA
        ORBANK SOLUCOES EM PAGAMENTO LTDA
        ORPASS LTDA
        RAUNY PEDRO RIBEIRO CHAGAS PROENCIO
        RENTAL COINS TECNOLOGIA DA INFORMACAO LTDA FALIDO
        RENTX EXCHANGE LTDA

Vistos etc...

**I – RELATÓRIO:**

O autor, Massa Falida de Rental Coins Tecnologia da Informação Ltda., devidamente qualificado na inicial, ajuizou incidente de desconsideração da personalidade jurídica c/c extensão dos efeitos da falência, em face Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda, Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Francisley Valdevino da Silva, Claudete Ribeiro Chagas Proencio, Rauny Pero Ribeiro Chagas Proêncio, sustentando em síntese evidências de possível abuso da personalidade jurídica, caracterizado pelo desvio de finalidade ou pela confusão patrimonial.

Para tanto, afirmou o Administrador Judicial da Massa Falida de Rental Coins Tecnologia da Informação Ltda: a) a existência de grupo econômico entre as empresas Interag Consultoria e Tecnologia da Informação Ltda; Interag Administração de Fundos Ltda; Compralo Administradora de Cartões Eireli; Compralo Intermediação e Agenciamento de Serviços Ltda; Intergalaxy Holdings S/A; Intertadec S/A e Rentex Exchange Ltda; conforme autodeclarado


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

pelas próprias rés na inicial dos autos sob n. 0008402-13.2022.8.16.0185; b) tais empresas ajuizaram demanda preparatória de Recuperação Judicial sob n. 0008402-13.2022.8.16.0185, sob a alegação de estarem em grandes dificuldades financeiras, não tendo sequer como pagar as custas do processo; c) todas as empresas são comandadas pelo Sr. Francisley Vadevino da Silva, conhecido como Sheik dos Bitcoins e atualmente preso preventivamente pela suposta prática de crimes contra o Sistema Financeiro Nacional, contra a Economia Popular, Organização Criminosa e Lavagem de Dinheiro, estes investigados pela Polícia Federal e decorrentes da movimentação de 4 bilhões de reais retirados de investimentos realizados por terceiros em suas empresas; d) todo o patrimônio das empresas apontadas no item a, e indicadas como grupo econômico, foi desviado para a empresa ITX Administração de Bens Ltda, gerenciada pelo Sr. Francisley e constituída como holding com a exclusiva função de acumulação e preservação do patrimônio das demais empresas que compõem o polo passivo desta lide; e) a acumulação do patrimônio das empresas exclusivamente em nome da ITX resta comprovada nos documentos contábeis juntados nos autos sob n. 0008402-13.2022.8.16.0185, que apontam antecipações/adiantamento de vultuosos valores para a ITX; f) a integração da ITX; Orbank Soluções em Pagamento Ltda, Orpass Ltda e Mybloc Ltda ao grupo econômico é clara, tendo em vista a identidade de endereço, de sócios e e-mail; g) a afirmação do próprio grupo econômico nos autos sob n. 0008402-13.2022.8.16.0185, de que não possuem quaisquer bens, apesar dos vultuosos valores angariados dos investidores, comprova que todo o patrimônio foi desviado para a holding ITX, no claro intuito de fraudar os credores das demais empresas, até mesmo porque existente provas de que a ITX é garantidora de negócios realizados pela Falida.

Requereu ainda em sede de tutela de urgência, o bloqueio e arresto dos bens de todas as empresas rés, afim de evitar a dilapidação do patrimônio das empresas. Juntou documentos, movs.12.2 a 12.55.

Emenda a inicial ao mov.30.

Em decisão inicial de mov.31, foi deferida a tutela de urgência, para o fim de determinar e declarar a indisponibilidade, bloqueio, arresto e arrecadação preliminar dos bens de propriedade das empresas Interag Consultoria e Tecnologia da Informação Ltda; Interag Administração de Fundos Ltda; Compralo Administradora de Cartões Eireli; Compralo Intermediação e Agenciamento de Serviços Ltda; Intergalaxy Holdings S/A; Intertadec S/A; Rentex Exchange Ltda; ITX Administradora de Bens Ltda; Orbank Soluções em Pagamento Ltda, Orpass Ltda e Mybloc Ltda; bem como do sócio-administrador Francisley Valdevino da Silva, bloqueios necessários via CNIB, Renajud e Sisbajud, deferir o e o arresto dos bens (i) AERONAVE DE FABRICAÇÃO CESSNA AIRCRAFT, MODELO 680, Nº DE SÉRIE 680-0184 E MARCAS PP-BST, (ii) embarcação AZB20 – 2021, (iii) embarcação Amalfi, (iv) embarcação K-11; (v) embarcação Anarquista V, de propriedade da ré ITX, suspender todos os leilões designados por Juízos diversos para a venda dos bens das empresas indicadas no polo passivo desta demanda, servindo esta decisão com mandado e oficiar o Juízo da 23º Vara Federal de Curitiba/PR, autos n. 5043166- 28.2022.4.04.7000, solicitando a disponibilização ao Administrador Judicial de todos os bens apreendidos e sequestrados das empresas rés, desde que não haja prejuízo material as investigações.


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

O terceiro interessado, PDGM Consultoria e Gestão de Negócios Ltda., interpôs recurso de agravo de instrumento, o qual foi atribuído efeito suspensivo parcial para o fim de suspender a decisão apenas em relação aos autos da execução sob nº 0002867-76.2022.8.16.0194, em trâmite perante o Juízo da 14ª Vara Cível, do mesmo Foro, permitindo-se o regular prosseguimento do feito, inclusive com realização de leilão da aludida aeronave penhorada, mantendose, porém, o eventual produto da alienação do bem em depósito em conta bancária vinculada aos autos, até a apreciação do presente agravo pelo Colegiado, mov.53.

Foram citadas, as rés Rental Coins Tecnologia da Informação Ltda., mov.77, Interag Administração de Fundos Ltda., mov.78 e Francisley Valdevino da Silva, mov.79, decorrendo o prazo sem manifestações, mov.86.

O Administrador Judicial requereu a retificação do polo passivo para que fossem incluídos todos os requeridos, mov.90 e requereu a desistência da ação em face de Claudete Ribeiro Chagas Proencio, mov.94.

Em decisão de mov.95, foi acolhido o pedido de desistência.

O Administrador Judicial destacou que as demais empresas rés não mais estão em atividade, requerendo a citação em nome do sócio Franscisley, mov.155.

Foram citadas, as rés Compralo Tecnologia em Pagamento Ltda., mov.186, Compralo Administradora de Cartões Eireli, mov.187, Interag Consultoria e Tecnologia da Informação Ltda., mov.188, Intergalaxy Holdings S/A, mov.189, Intertadec S/A, mov.194, ITX Administradora de Bens Ltd., mov.195, Mybloc Ltda., mov.196, Orbank Soluções em Pagamento Ltda., mov.197, Orpass Ltda., mov.198, Rentex Exchange Ltda., mov.199, Rauny Pedro Ribeiro Chagas Proencio, mov.207, decorrendo o prazo sem manifestações, mov.221.

O Administrador Judicial requereu o fornecimento de listagem detalhada de todas as contascorrentes havidas por todas as Rés junto às Instituições Financeiras nacionais e a integralidade dos extratos bancários, desde a data da abertura das referidas contas-correntes até o momento atual, deferido ao mov.280.

Os extratos bancários foram juntados aos movs.325, 347.

O Administrador Judicial requereu o julgamento do feito, mov.379 e apresentou alegações finais, mov.406.

O terceiro interessado, PDGM Consultoria e Gestão de Negócios Ltda., também apresentou alegações finais, mov.407.

O Ministério Público apresentou parecer favorável ao pedido inicial, mov.440.

Contados, vieram-me os autos conclusos.

É o breve relatório. Decido.

**II – FUNDAMENTAÇÃO**


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

Trata-se de incidente de desconsideração da personalidade jurídica e extensão dos efeitos da falência ajuizado pela Massa Falida de Rental Coins Tecnologia da Informação Ltda., em face Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Francisley Valdevino da Silva, Rauny Pero Ribeiro Chagas Proêncio, Mybloc Ltda., Orprass Ltda. e Orbank Soluções em Pagamento Ltda.

**Pedido de desistência em face de Mybloc Ltda.**

Ao mov.434, o Administrador Judicial requer a desistência do feito em face da empresa Mybloc Ltda. ante a ausência de demonstração de transferência patrimonial ocorrida entre a referida empresa e as demais empresas do Grupo.

Não houve oposição pelas rés ou pelo Ministério Público.

Destarte, a extinção do feito é medida que se impõe.

Ante o exposto, homologo, por sentença, para que produza seus efeitos jurídicos e legais (CPC, art. 200, parágrafo único), a desistência manifestada, julgando, de consequência, **extinto o presente processo**, sem resolução do mérito, em face de Mybloc Ltda., com fundamento no artigo 485, inciso VIII, do Código de Processo Civil.

Em razão da sucumbência, condeno a parte autora ao pagamento de custas processuais e despesas processuais em conformidade com o disposto no artigo 90 do Código de Processo Civil.

Sem honorários ante a ausência de litigiosidade*[1]*.

**Extensão dos Efeitos da Falência**

Em que pese a extensão dos efeitos da falência, ter sido vedada com as alterações da Lei n° 14.112/2020, pelo caput do artigo 82-A, tal vedação não se aplica ao caso em questão, já que a vedação contida na norma diz respeito à impossibilidade de extensão da falência ou de seus efeitos às pessoas físicas – sócios de responsabilidade limitada, controladores e administradores da sociedade falida – o que não é o caso dos autos, em que se busca a responsabilização das pessoas jurídicas participantes do mesmo grupo econômico da falida[2] e que foram beneficiadas pelos atos fraudulentos praticados pelo Sr. Francisley Vadevino da Silva.

Acerca do tema:

> *A falência, em nosso sistema, pode ser decretada em relação ao empresário, à sociedade empresária (art. 1º), ao sócio de responsabilidade ilimitada (art. 81) e à sociedade unipessoal do art. 1.052 do CCivil. Não pode ser decretada para a pessoa natural, a pessoa física, que pode eventualmente sofrer processo civil de insolvência, mas não pode ser submetida à falência, instituto de direito empresarial. Assim, em princípio,*



Documento assinado digitalmente, conforme MP n° 2.200-2/2001, Lei n° 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

Case 25-23659-CLC Doc 9-1 Filed 01/20/26 Page 6 of 66

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

> *nem haveria necessidade da previsão no sentido de vedar a extensão da falência aos sócios, controladores e administradores da sociedade falida.*
>
> *De qualquer forma, a previsão vem trazer maior segurança de que não haverá decisão deste tipo. **Não há vedação para a extensão da falência a pessoas jurídicas, sendo aliás utilizado pelos juízes este sistema de extensão, quando os elementos dos autos demonstrem sua pertinência.** Otávio Joaquim Rodrigues Filho ("Lei de Recuperação e Falência", coord. Paulo Furtado, vol. 1, 2021, pg. 55), com propriedade, lembra que "... muitas empresas, após serem responsabilizadas por certas e determinadas obrigações de outras sociedades, tornam-se inviáveis... Para essas hipóteses, a extensão da falência certamente corrigiria os problemas apontados e parece que teria sido a melhor solução". O próprio artigo fixa ainda que relativamente a estas pessoas naturais, pode haver a desconsideração da personalidade jurídica, situação que permitirá a arrecadação dos bens pessoais para satisfação dos credores[3].*

A extensão dos efeitos da falência, que pode ocorrer nos próprios autos falimentares, diz respeito ao alcance da falência às pessoas jurídicas que possuem relação econômica com a Massa Falida já formada, denotando a existência de um grupo econômico, tendo como base a teoria da desconsideração da personalidade jurídica.

É pacífico na jurisprudência dos tribunais superiores a possibilidade da extensão dos efeitos da falência a outras empresas do mesmo grupo econômico.

Como já decidiu o STJ, no REsp 228.357/SP, Rel. Min. Castro Filho:

> *"(...) O síndico da massa falida, respaldado pela Lei de Falências e pela Lei n. 6024/74, pode pedir ao juiz, com base na teoria da desconsideração da personalidade jurídica, que estenda os efeitos da falência às sociedades do mesmo grupo, sempre que houver evidências de sua utilização com abuso de direito, para fraudar a lei e prejudicar terceiros (...)".*

Assim, constatada a existência de duas ou mais sociedades, com personalidades distintas, mas que, na prática constituem uma só, decretada a falência de uma delas, estendem-se a outra os efeitos da quebra, porque se trata de um só patrimônio e controle.

Existe grupo econômico quando comprovada a confusão patrimonial entre o controlador e sociedade controlada ou quando evidenciado o uso abusivo da personificação societária para fraudar a lei e prejudicar terceiros.

A confusão patrimonial se dá quando a divisão societária entre as empresas conjugadas é meramente formal e substancialmente elas se integram, formando um grupo empresarial com interesses que convergem.

Neste sentido:

> *A confusão patrimonial entre controlador e sociedade controlada é, portanto, o critério fundamental para a desconsideração da personalidade*



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

*jurídica externa corporis. E compreende-se, facilmente, que assim seja, pois, em matéria empresarial, a pessoa jurídica nada mais é do que uma técnica de separação patrimonial. Se o controlador, que é o maior interessado na manutenção desse princípio, descumpre-o na prática, não se vê bem porque os juízes haveriam de respeitá-lo, transformando-o, destarte, numa regra puramente unilateral. (REsp 331.921/SP, Rel. Ministro LUIS FELIPE SALOMÃO, QUARTA TURMA, julgado em 17/11/2009, DJe 30/11/2009)*

No caso em tela a existência do grupo econômico é nítida.

Com base nos contratos sociais e alterações colacionados ao mov.12, extrai-se que a ora falida, ainda que supostamente detivesse sede a Rua Oscar Borges de Macedo Ribas, 251, Loja, 701, Andar 06, Condomínio Podolan Ecoville, era administrada pelo Sr. Franscisley Valdevino da Silva, o qual, conforme consta na 6ª Alteração Contratual da Rental, mov.12.2, residiria na Rua Deputado Heitor Alencar Furtado, n° 3350, andar 13, endereço este que corresponde ao endereço de sede das empresas rés, como também era o Sr. Franscisley sócio/administrador das mesmas empresas. Vejamos.

Pelo contrato social e alterações da Intergalaxy Administradora de Bens Ltda., movs.12.3 e 12.4, atualmente denominada ITX Administradora de Bens Ltda., mov.12.3, 12.4, verifica-se que esta detém como único sócio e administrador o Sr. Franscisley Valdevino da Silva, com sede no mesmo endereço da Rental Coins – Rua Deputado Heitor Alencar Furtado, n° 3350, andar 13.

Quanto a Intertradec SA, esta igualmente consta registrada no endereço – Rua Deputado Heitor Alencar Furtado, n° 3350, a qual tem como diretor o Sr. Franscisley Valdevino da Silva, mov.12.7, 12.8.

Ainda, a Interag Consultoria e Tecnologia da Informação Ltda. detém como sócio a Intergalaxy Holdings SA, administrada igualmente pelo Sr. Franscisley Valdevino da Silva, e o próprio Sr. Francisley, movs.12.9, 12.10, também com endereço a Rua Deputado Heitor Alencar Furtado, n° 3350.

A Interag Administração de Fundos Ltda., por sua vez, também detém endereço a Rua Deputado Heitor Alencar Furtado, n° 3350, movs.12.12, 12.13, detém como sócio a Intergalaxy Holdings SA, mas detém como administrador o não sócio Sr. Franscisley Valdevino da Silva.

Já a Compralo Intermediação e Agenciamento de Serviços Ltda., da mesma forma possui endereço a Rua Deputado Heitor Alencar Furtado, n° 3350, e possui como sócios Intergalaxy Holdings, Intertradec S.A e Sr. Franscisley Valdevino da Silva, movs.12.14, 12.15.

Em relação a Compralo Administradora de cartões Eireli, de modo igual as demais, esta registrada no endereço a Rua Deputado Heitor Alencar Furtado, n° 3350, detém como sócio a Intergalaxy Holdings SA, mas detém como administrador o não sócio Sr. Franscisley Valdevino da Silva, movs.12.17, 12.19.



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

No que diz respeito a Intergalaxy Holdings SA, mais uma vez se verifica a repetição do endereço a Rua Deputado Heitor Alencar Furtado, n° 3350 e tem como diretor o Sr. Franscisley Valdevino da Silva, mov.12.21.

No que tange a Rentx Exchange Ltda., consta-se registrada no mesmo endereço das demais, tendo como sócio a Falida, e sendo administrada pelo Sr. Franscisley Valdevino da Silva, mov. 12.24.

O mesmo ocorre com a Orprass Ltda., sediada a Rua Deputado Heitor Alencar Furtado, n° 3350, e tendo como sócios Franscisley Valdevino da Silva, Intergalaxy Holdings S.A, Orbank Soluções em Pagamento Ltda., mov.30.4 e com a Orbank Soluções em Pagamento Ltda.

Não obstante estarem localizada no mesmo edifício e terem como administrador/diretor o Sr. Franscisley Valdevino da Silva, consta-se de todos os CNPJ, movs.12.5, 12.8, 12.11, 12.12, 12.16, 12.19, 12.22, 12.23, 30.3, 30.5, 30.7, como o endereço eletrônico: ITXADMGROUP@GMAIL.COM.

Além disso, pela própria Falida, e pelas rés Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., foi afirmado, na inicial do pedido de tutela cautelar em caráter antecedente de n° 0008402-13.2022.8.16.0185, a existência do grupo econômico, cópia ao mov.31.2, e reiterado ao mov.28 dos autos cautelar:

> *1.4 LITISCONSÓRCIO ATIVO – GRUPO EMPRESARIAL COMUM E COM ADMINISTRAÇÃO CENTRALIZADA – CONSOLIDAÇÃO PROCESSUAL E SUBSTANCIAL NECESSÁRIAS*
>
> ***Todas as empresas que compõe o denominado Grupo Intergalaxy – são intimamente interligadas.***
>
> *Por conta disso, deve-se utilizar, por analogia, a interpretação extensiva da teoria da desconsideração da personalidade jurídica, pois se a falência é estendida para as empresas integrantes do mesmo grupo econômico, e a Recuperação Judicial é utilizada como forma de defesa para a falência da sociedade empresária (art. 95 da lei 11.101/2005), não há porque não se conhecer o processamento da Recuperação Judicial em conjunto, sob pena de desvirtuamento do princípio básico da Lei, qual seja, a preservação da empresa.*
>
> *Isso ocorre justamente em virtude da existência de **expressa ligação entre ativo e passivo das Recuperandas que nitidamente se confundem**, de maneira que, sem o processamento conjunto da Recuperação Judicial (em consolidação processual e substancial), o malogro empresarial de uma das empresas acabaria por conduzir a outra a igual sorte.*


Documento assinado digitalmente, conforme MP n° 2.200-2/2001, Lei n° 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

[...]

**Portanto, as sociedades Requerentes devem ser consideradas como um grupo econômico único, processando-se sua Recuperação Judicial na forma de litisconsórcio ativo necessário.**

**Tanto é assim, que praticamente todos os procedimentos judiciais envolvem ao menos duas empresas Recuperandas,** *sendo que todas já foram e continuam sendo atingidas por bloqueios e outros modos de constrição judicial, de tal modo que a inclusão de apenas uma das empresas no Plano Recuperacional não atingiria o resultado prático desejado.*

[....]

a. *Da consolidação processual*

*Nos termos do artigo 69-G da LRF, a consolidação processual estará presente quando "os devedores que atendam aos requisitos previstos nesta Lei e que integrem grupo sob controle societário comum poderão requerer Recuperação Judicial sob consolidação processual."*

**Conforme visto nas linhas anteriores, estamos diante de evidente grupo econômico com atuação coordenada e conjunta.**

*Facilmente perceptível, portanto, a possibilidade de distribuição deste pedido de Recuperação Judicial sob consolidação processual. Assim, de rigor haja coordenação dos atos processuais.*

[...]

*Note, Excelência, que todos os requisitos do art. 69-J estão presentes no caso em comento (**existência de garantias cruzadas, relação de controle ou dependência, identidade total ou parcial do quadro societário e atuação conjunta no mercado entre os postulantes),** quando a legislação pertinente seria a situação excepcional autorizada quando do preenchimento de dois requisitos mínimos*

[...]

**No caso em tela, a existência de direcionamento comum entre as empresas é clara. Analisando-se a documentação trazida aos autos, verifica-se que já um revezamento entre as diretorias das sociedades, as quais sempre são integradas basicamente pelas mesmas pessoas: Francisley Valdevino da Silva e Claudete Ribeiro Chagas.**

Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU



*Ocorre, até mesmo, o controle mútuo entre elas, conforme observa-se no contrato social da empresa Requerente Interag Consultoria e Tecnologia da Informação LTDA, a qual é controlada pela Requerente Intertradec S/A.*

*[...]*

*As requerentes organizam suas atividades em conjunto, formando um grupo econômico de fato, o qual se caracteriza, fundamentalmente, pela unidade de direção, evidenciado pelo vínculo societário e, sobretudo, pela sua administração,* a qual é exercida na pessoa de Francisley Valdevino da Silva.

Observe-se:

Rental Coins é a responsável pelas operações de compra, venda, custódia e intermediação dos criptoativos. Possui como sócia a empresa Intergalaxy de titularidade do Sr. Francisley.

Interag Consultoria atua pelo sistema de franchising, licencia seus produtos e desenvolve o Marketplace das demais empresas. Possui como sócia a empresa Intergalaxy de titularidade do Sr. Francisley

Compralo Administradora de Cartões e Compralo Intermediações, são meios de pagamentos e carteira digital que possibilita pagar, receber, converter, rentabilizar, gerar boletos etc. Verifica-se, as atividades exercidas pelas requerentes Rental e Compralo são intimamente ligadas, uma vez que os criptoativos geridos pela primeira podem ser utilizados como forma de pagamento na plataforma da segunda, ou ainda serem convertidos para valores em real. Possuem como sócios, respectivamente, Intergalaxy e o Sr. Francisley, e as empresas Intergalaxy e Intertradec, bem como o Sr. Francisley.

Intertradec é uma corretora de criptoativos, que oferece toda base necessária para negociar os ativos virtuais. A empresa conta com todo o suporte para armazená-los com maior facilidade e funcionalidade. Possui como sócios Claudete Ribeiro Chagas Proencio e o Sr. Francisley.

Intergalaxy atua no ramo de tecnologia da informação e gestão empresarial, com desenvolvimento de softwares. Possui como sócios Alexsandro Candido Ferreira e o Sr. Francisley.

*[...]*

*Nota-se que as requerentes atuam conjuntamente com confusão de unidade de gestão e de prestadores de serviços, bem como com atuação conjunta em prol de um interesse comum do grupo.* Ainda, observado o objeto social das empresas, nota-se que as mesmas



*contemplam atividades ou se complementam, como pode se observar dos estatutos e contratos sociais juntados.*

*Dessa forma, percebe-se que todas as empresas apresentam em comum, objeto voltado a (i) gestão e custódia de criptoativos; (ii) consultoria em TI e gestão empresarial; (iii) gestão financeira; (iv) dentre outros.*

*Tanto é assim, que praticamente todos os procedimentos judiciais envolvem ao menos duas empresas recuperandas, sendo que todas já foram e continuam sendo atingidas por bloqueios e outros modos de constrição judicial, de tal modo que a inclusão de apenas uma das empresas no Plano Recuperacional não atingiria o resultado prático desejado.*

A existência do grupo econômico e confusão patrimonial também é corroborada pelos extratos de movs.12.25, 12.26, 12.27, 347, em que se verifica a ocorrência de inúmeros repasses de valores vultuosos entre as empresas do grupo e também em favor do sócio administrador Sr. Francisley. Destaque-se algumas destas movimentações:

**58 - RENTAL COINS TECNOLOGIA DA INFORMACAO LT**
CNPJ: 34.690.143/0001-94
Contabilidade                                                      **Balancete de Verificação**
**Consolidação: Empresa**                          Grau: 5

| Conta | Reduzida | Descrição | Saldo Anterior | Débi |
|---|---|---|---|---|
| 1.1.02.02 | | ADIANTAMENTOS | 532.375.485,21 D | |
| 1.1.02.02.0003 | 2-8 | Adiantamento a terceiros | 106.344.343,72 D | |
| 1.1.02.02.0004 | 423-5 | Adiantamento ao Socio FRA | 450.000,00 D | |
| 1.1.02.02.0005 | 440-5 | Adiantamento Rafael Pegor | 5.923.904,65 D | |
| 1.1.02.02.0006 | 444-8 | Antec Comoralo Interm Bco | 94.383.017,22 D | |
| 1.1.02.02.0007 | 453-7 | Antec DPR Serv Corporativ | 8.293.319,52 D | |
| 1.1.02.02.0008 | 454-5 | Antec Two Intergalaxy Adm | 131.653.111,97 D | |
| 1.1.02.02.0009 | 457-0 | Antec Intergalaxy Holding | 16.204.244,33 D | |
| 1.1.02.02.0010 | 458-8 | Antec Compralo adm de Car | 62.091.335,40 D | |
| 1.1.02.02.0011 | 459-6 | Antec Interag Consultoria | 3.928.411,76 D | |
| 1.1.02.02.0012 | 460-0 | Antec Intergalaxy progr d | 2.147.984,99 D | |
| 1.1.02.02.0015 | 463-4 | Antec One Interag | 66.666,67 D | |
| 1.1.02.02.0016 | 464-2 | Antec Signature Filmes | 213.543,22 D | |
| 1.1.02.02.0017 | 619-0 | Antec Blestland Comercio | 540.000,00 D | |
| 1.1.02.02.0018 | 1307-2 | Antec Intertradec s/a | 3.016.778,87 D | |
| 1.1.02.02.0019 | 2274-8 | Antec ORPAG | 9.260.476,55 D | |
| 1.1.02.02.0020 | 2275-6 | Antec U4crypto Solucoes | 2.801.657,13 D | |
| 1.1.02.02.0021 | 2276-4 | Antec Zm Consultoria | 23.062.493,68 D | |
| 1.1.02.02.0022 | 2277-2 | Antec Batalha da Aldeia | 120.000,00 D | |
| 1.1.02.02.0023 | 2278-0 | Antec Blestcoins - claude | 3.569.000,00 D | |

**INTERGALAXY HOLDINGS SA**
Contabilidade                                                      **Demonstração dos Fluxos de Caixa**

CNPJ: 33.332.029/0001-20
**Consolidação: Empresa**                          Método: Direto


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

## Outras Saídas (contas não vinculadas)

| | |
|---|---|
| 1102020005 | Adiant BLEST COINS ENTERPRA |
| 1102020006 | Adiant q terceiros |
| 1102020007 | Adiant a Alan Luciano Soc Ind Advocacia |
| 1102020008 | Adiant ao Socio Francisley Valdevino da Silva |
| 1102020009 | Adiant a Rafael Morais Pegorini ME |
| 1102020011 | Adiant INTERAG |
| 1102020016 | Adiant DESTYNATARIE |
| 1102020017 | Adiant RENTAL COINS |
| 1102020021 | Adiant COMPRALO INT |
| 1103010004 | IR s/aplicacoes a recuperar |
| 1105010001 | Alugueis antecipados |
| 1202020001 | Consorcio em Andamento |

## Outras Saídas (contas não vinculadas)

| | |
|---|---|
| 1102020006 | Adiant q terceiros |
| 1102020008 | Adiant ao Socio Francisley Valdevino da Silva |
| 1102020009 | Adiant a Rafael Morais Pegorini ME |
| 1102020011 | Adiant INTERAG |
| 1102020019 | Adiant  ITX ADM DE BENS |
| 1106010002 | Investimentos |
| 1202010006 | Concept Lab Comercio de Roupas Eirelli |
| 1202010008 | High Fashion Com de Roupas e Acessaorios Eirelli |
| 1202010015 | Signature Filmes Ltda |
| 1202011011 | Publish Desenv de Soft Eirelli |
| 1202020001 | Consorcio em Andamento |

## Outras Entradas (contas não vinculadas)

| | |
|---|---|
| 1102010001 | Clientes Diversos |
| 1102020016 | Adiant DESTYNATARIE |
| 2102010003 | Antecipação de terceiros |
| 2102010005 | Emprestimos Intertradec S/A |
| 2102010009 | Adiantamentos de terceiros (Grupo) |
| 2107010003 | Emprestimo Socio - Francisley V da Silva |

## Outras Saídas (contas não vinculadas)

| | |
|---|---|
| 1102020006 | Adiant q terceiros |
| 1102020007 | Adiant a Alan Luciano Soc Ind Advocacia |
| 1102020008 | Adiant ao Socio Francisley Valdevino da Silva |
| 1102020009 | Adiant a Rafael Morais Pegorini ME |
| 1102020010 | Adiant AUGENCY |
| 1102020015 | Adiant CASHLEVE |
| 1102020016 | Adiant DESTYNATARIE |
| 1102020018 | Adiant SIGNATURE |
| 1102020019 | Adiant  ITX ADM DE BENS |
| 1102020020 | Adiant INTERTRADEC |
| 1204010003 | nome INTERGALAXY |
| 2101020002 | INSS a recolher |
| 2104010008 | ISS a recolher |

Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

**56 - INTERAG CONSULTORIA E TECNOLOGIA**
CNPJ: 33.317.379/0001-17
Contabilidade                                              **Balancete de Verificação**
**Consolidação: Empresa**                          **Grau: 5**

| Conta | Reduzida | Descrição | Saldo Anterior | Dét |
|-------|----------|-----------|---------------:|-----|
| 2.1.02 | | CONTAS A PAGAR | -10.264.424,01 C | |
| 2.1.02.01 | | ANTECIPAÇAO | -9.864.424,01 C | |
| 2.1.02.01.0003 | 435-9 | Antecipação COMPRALO INTERMEDIACAO | -1.073.253,57 C | |
| 2.1.02.01.0004 | 436-7 | Antecipação  RENTAL COINS | -4.078.411,76 C | |
| 2.1.02.01.0005 | 464-2 | Antecipação INTERTRADEC | -3.050.000,00 C | |
| 2.1.02.01.0006 | 495-2 | Antecipação COMPRALO ADM DE CARTOES | -90.000,00 C | |
| 2.1.02.01.0007 | 496-0 | Antecipação INTERAG CONSULTORIA | -97.034,00 C | |
| 2.1.02.01.0008 | 497-9 | Antecipação ITX ADM DE BENS | -530.000,00 C | |
| 2.1.02.01.0009 | 498-7 | Antecipação ORBANK SOLUÇÕES | -706.224,68 C | |
| 2.1.02.01.0010 | 499-5 | Antecipação ORPAG | -239.500,00 C | |



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

 **bradesco**

**Extrato para**
**Simples Conferência**

| Emissão | Folha |
|---|---|
| 19/04/2024 | 34 |

| Nome | Agência | Conta |
|---|---|---|
| INTERGALAXY HOLDINGS SA | 3131-3 | 20.500-1 |
| CONTA CORRENTE | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 1,00CR |
| 15/05/20 | TED-TRANSF ELET DISPON | 6610327 | 1.500,00 |
| | REMET.ISADORA POMPEO | | |
| 15/05/20 | RESGATE INVEST FACIL | 8827065 | 48.619,92 |
| 15/05/20 | TARIFA BANCARIA | 0040520 | 119,92- |
| | Max Empresarial 4 | | |
| 15/05/20 | DEP. IDENT. DP05-INT PJ | 7003131 | 50.000,00- |
| | UNICEF PSD PSFR C ACCUMULATING A | | |
| | SALDO EM 15/05/2020 | | 1,00CR |
| 25/05/20 | RESGATE INVEST FACIL | 8827065 | 1.800,00 |
| 25/05/20 | TED DIF.TITUL.CC H.BANK | 9414659 | 1.800,00- |
| | DEST. EKIPCAR LTDA | | |
| | SALDO EM 25/05/2020 | | 1,00CR |
| 26/05/20 | RESGATE INVEST FACIL | 8827065 | 5.000,00 |
| 26/05/20 | TED DIF.TITUL.CC H.BANK | 1827441 | 5.000,00- |
| | DEST. TIAGO LEITE NUNES | | |
| | SALDO EM 26/05/2020 | | 1,00CR |
| 01/06/20 | RESGATE INVEST FACIL | 8827065 | 2.000,00 |
| 01/06/20 | TED DIF.TITUL.CC H.BANK | 9262679 | 2.000,00- |
| | DEST. CLAUDENICE CHAGAS DE | | |
| | SALDO EM 01/06/2020 | | 1,00CR |
| 02/06/20 | RESGATE INVEST FACIL | 8827065 | 1.000,00 |
| 02/06/20 | TED DIF.TITUL.CC H.BANK | 3612576 | 1.000,00- |
| | DEST. CLAUDENICE CHAGAS DE | | |
| | SALDO EM 02/06/2020 | | 1,00CR |
| 05/06/20 | TRANSF CC PARA CC PJ | 3131395 | 600.000,00 |
| | RENTAL COINS TECNOLOGIA DA INFOR | | |
| 05/06/20 | APLIC.INVEST FACIL | 4504255 | 600.000,00- |
| | SALDO EM 05/06/2020 | | 1,00CR |
| 08/06/20 | RESGATE INVEST FACIL | 4504255 | 486.932,34 |
| 08/06/20 | RESGATE INVEST FACIL | 8827065 | 14.567,66 |
| 08/06/20 | TED DIF.TITUL.CC H.BANK | 4709590 | 1.500,00- |
| | DEST. CLAUDENICE CHAGAS DE | | |
| 08/06/20 | TRANSF CC PARA CC PJ | 3131676 | 500.000,00- |
| | FRANCISLEY VALDEVINO DA SI | | |
| | SALDO EM 08/06/2020 | | 1,00CR |
| 09/06/20 | TED-TRANSF ELET DISPON | 8358682 | 1.500,00 |



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU



**Extrato para**
**Simples Conferência**

| Emissão | Folha |
|---|---|
| 19/04/2024 | 01 |

| Nome | Agência | Conta |
|---|---|---|
| COMPRALO ADMINISTRADORA C. EIRELI | 3131-3 | 20.922-8 |
| CONTA CORRENTE | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | SALDO EM 19/02/2020 | | 0,00CR |
| 07/07/20 | TRANSF CC PARA CC PJ | 3131181 | 500,00 |
| | COMPRALO INTERMEDIACAO E AGENCIA | | |
| 07/07/20 | TARIFA MANUTENCAO C/C | 0010420 | 54,95- |
| | TAR.MANUT.C/C | | |
| 07/07/20 | TARIFA MANUTENCAO C/C | 0020320 | 54,95- |
| | TAR.MANUT.C/C | | |
| 07/07/20 | TARIFA MANUTENCAO C/C | 0040520 | 54,95- |
| | TAR.MANUT.C/C | | |
| 07/07/20 | APLIC.INVEST FACIL | 5351612 | 334,15- |
| | SALDO EM 07/07/2020 | | 1,00CR |
| 10/08/20 | RESGATE INVEST FACIL | 5351612 | 54,95 |
| 10/08/20 | TARIFA MANUTENCAO C/C | 0030820 | 54,95- |
| | TAR.MANUT.C/C | | |
| | SALDO EM 10/08/2020 | | 1,00CR |
| 20/08/20 | TRANSF CC PARA CC PJ | 3131642 | 460.560,06 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 20/08/20 | TRANSF CC PARA CC PJ | 1808992 | 115.000,00- |
| | SHIFT CAR VEICULOS LTDA | | |
| 20/08/20 | TRANSF CC PARA CC PJ | 3131045 | 4.105,00- |
| | AZOO MARINE PEIXES ORNAMENTAIS L | | |
| 20/08/20 | APLIC.INVEST FACIL | 1261846 | 341.455,06- |
| | SALDO EM 20/08/2020 | | 1,00CR |
| 21/08/20 | TRANSF CC PARA CC PJ | 3131134 | 345.892,75 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 21/08/20 | TRANSF CC PARA CC PJ | 3131689 | 398.600,00 |


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença


**bradesco**

**Extrato para**
**Simples Conferência**

| Emissão | Folha |
|---|---|
| 19/04/2024 | 49 |

| Nome | Agência | Conta |
|---|---|---|
| INTERGALAXY HOLDINGS SA | 3131-3 | 20.500-1 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 1,00CR |
| 18/06/21 | TRANSF CC PARA CC PJ | 3131206 | 500.000,00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 18/06/21 | RESGATE INVEST FACIL | 5716619 | 5.000,00 |
| 18/06/21 | TED DIF.TITUL.CC H.BANK | 9663873 | 500.000,00- |
| | DEST. Douglas Michel Pedro | | |
| 18/06/21 | TRANSFERENCIA PIX | 1748596 | 5.000,00- |
| | DEST: Sabrina Dalpra Archer | | |
| | SALDO EM 18/06/2021 | | 1,00CR |
| 21/06/21 | TRANSF CC PARA CC PJ | 3131431 | 200.000,00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 21/06/21 | TRANSF CC PARA CC PJ | 3131839 | 170.000,00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 21/06/21 | TRANSF CC PARA CC PJ | 3131959 | 300.000,00 |
| | COMPRALO ADMINISTRADORA C. EIREL | | |
| 21/06/21 | TED DIF.TITUL.CC H.BANK | 2437616 | 500.000,00- |
| | DEST. DPX INCORPORA ES EI | | |
| 21/06/21 | APLIC.INVEST FACIL | 9297424 | 170.000,00- |
| | SALDO EM 21/06/2021 | | 1,00CR |
| 22/06/21 | TRANSF CC PARA CC PJ | 3131359 | 500.000,00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 22/06/21 | RESGATE INVEST FACIL | 5716619 | 10,00 |
| 22/06/21 | TARIFA BANCARIA | 0180621 | 9,00- |
| | TRANSF PGTO PIX | | |
| 22/06/21 | TED DIF.TITUL.CC H.BANK | 4675545 | 500.000,00- |
| | DEST. DPX INCORPORA ES EI | | |
| | SALDO EM 22/06/2021 | | 2,00CR |
| 23/06/21 | TRANSF CC PARA CC PJ | 3131588 | 250.000,00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 23/06/21 | RESGATE INVEST FACIL | 5716619 | 38.613,01 |
| 23/06/21 | RESGATE INVEST FACIL | 7358523 | 11.035,61 |

Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença


**bradesco**

## Extrato para
## Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 01 |

| Nome | Agência | Conta |
|---|---|---|
| ITX ADMINISTRADORA DE BENS LTDA | 3131-3 | 22.120-1 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | SALDO EM 09/11/2020 | | 0,00CR |
| 30/11/20 | TRANSF CC PARA CC PJ | 3131686 | 280.000,00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 30/11/20 | TRANSF CC PARA CC PJ | 3131710 | 50.000,00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 30/11/20 | TRANSF CC PARA CC PJ | 1808005 | 280.000,00- |
| | SHIFT CAR VEICULOS EIRELI | | |
| 30/11/20 | TRANSF CC PARA CC PJ | 1808749 | 50.000,00- |
| | SHIFT CAR VEICULOS EIRELI | | |
| | SALDO EM 30/11/2020 | | 0,00CR |
| 02/12/20 | TRANSF CC PARA CC PJ | 3131783 | 200.000,00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| | SALDO EM 02/12/2020 | | 200.000,00CR |
| 09/12/20 | TRANSF CC PARA CC PJ | 3131385 | 82.874,09 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| | SALDO EM 09/12/2020 | | 282.874,09CR |
| 28/12/20 | TRANSFERENCIA PIX | 1509051 | 120.000,00- |
| | DEST: SHIFT CAR VEICULOS EIRELI | | |
| | SALDO EM 28/12/2020 | | 162.874,09CR |
| 30/12/20 | PAGTO ELETRON COBRANCA | 0000001 | 4.872,09- |
| | BRADESCO AUTO/RE CIA DE SEGUROS | | |
| | SALDO EM 30/12/2020 | | 158.002,00CR |
| 07/01/21 | RECEB POR FORNECIMENTO | 6091607 | 4.872,09 |
| | BRADESCO AUTO/RE CIA    SEGUROS | | |
| | SALDO EM 07/01/2021 | | 162.874,09CR |


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença



**Extrato para
Simples Conferência**

| Emissão | Folha |
|---|---|
| 19/04/2024 | 07 |

| Nome | Agência | Conta |
|---|---|---|
| INTERTRADEC SA | 3131-3 | 20.502-8 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 2.404,58CR |
| | 02-AG.OU CTA DEST. INVALIDA | | |
| 19/03/20 | DEP.DINHEIRO C/C-BDN | 2788761 | 1.000,00 |
| | AG06460MAQ052788SEQ05761 | | |
| 19/03/20 | APLIC.INVEST FACIL | 9340768 | 3.403,58- |
| | SALDO EM 19/03/2020 | | 1,00CR |
| 23/03/20 | RESGATE DE INVESTIMENTOS | 7818119 | 23.287,66 |
| 23/03/20 | TRANSF AUTORIZ ENTRE AGS | 2655373 | 30,00 |
| | JEFFERSON TALES ANDRADE DE ARAUJ | | |
| 23/03/20 | RESGATE INVEST FACIL | 8269950 | 3.278,75 |
| 23/03/20 | RESGATE INVEST FACIL | 9340768 | 3.403,59 |
| 23/03/20 | TRANSF CC PARA CC PJ | 3131649 | 30.000,00- |
| | RENTAL COINS TECNOLOGIA DA INFOR | | |
| | SALDO EM 23/03/2020 | | 1,00CR |
| 25/03/20 | RESGATE DE INVESTIMENTOS | 7818119 | 1.010,45 |
| 25/03/20 | TED DIF.TITUL.CC H.BANK | 8375195 | 1.000,00- |
| | DEST. INTERTRADEC SA | | |
| 25/03/20 | DOC/TED INTERNET | 8375195 | 10,45- |
| | TED INTERNET | | |
| | SALDO EM 25/03/2020 | | 1,00CR |
| 26/03/20 | TED-TRANSF ELET DISPON | 8845632 | 100,00 |
| | REMET.MAICO VINICIUS MACHA | | |
| | SALDO EM 26/03/2020 | | 101,00CR |
| 27/03/20 | TED-TRANSF ELET DISPON | 1221584 | 670,00 |
| | REMET.PAULO ROGERIO HERRMA | | |
| 27/03/20 | TED-TRANSF ELET DISPON | 1258626 | 110,00 |
| | REMET.RODRIGO COSTA INDCEN | | |
| 27/03/20 | APLIC.INVEST FACIL | 1478406 | 880,00- |
| | SALDO EM 27/03/2020 | | 1,00CR |
| 31/03/20 | TED-TRANSF ELET DISPON | 4856532 | 300,00 |



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença



**Extrato para Simples Conferência**

| Emissão | Folha |
|---|---|
| 19/04/2024 | 01 |

| Nome | Agência | Conta |
|---|---|---|
| ORBANK SOLUCOES EM PAGAMENTO LTDA | 3131-3 | 20.118-9 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | SALDO EM 30/06/2020 | | 0,00CR |
| 06/07/20 | TED-TRANSF ELET DISPON | 4591578 | 2.300.000,00 |
| | REMET.STEVAN ADM E PART LT | | |
| | SALDO EM 06/07/2020 | | 2.300.000,00CR |
| 07/07/20 | RECIBO DE RETIRADA | 0070601 | 2.000.000,00- |
| | DEP.CONTA | | |
| | SALDO EM 07/07/2020 | | 300.000,00CR |
| 08/07/20 | TRANSF CC PARA CC PJ | 3131603 | 250.000,00- |
| | COMPRALO INTERMEDIACAO E AGENCIA | | |
| | SALDO EM 08/07/2020 | | 50.000,00CR |
| 09/07/20 | TARIFA RECIBO RETIRADA | 0070720 | 4,55- |
| | RETIRADA COM RECIBO AVULSO | | |
| | SALDO EM 09/07/2020 | | 49.995,45CR |
| 10/07/20 | TED DIF.TITUL.CC H.BANK | 6761580 | 25.000,00- |
| | DEST. VILARQ ARQUITETURA E | | |
| | SALDO EM 10/07/2020 | | 24.995,45CR |
| 15/07/20 | TARIFA BANCARIA | 0010720 | 86,70- |
| | Max Empresarial 1 | | |
| | SALDO EM 15/07/2020 | | 24.908,75CR |
| 17/07/20 | TRANSF CC PARA CC PJ | 3131637 | 20.000,00- |
| | COMPRALO INTERMEDIACAO E AGENCIA | | |
| | SALDO EM 17/07/2020 | | 4.908,75CR |
| 22/07/20 | TED-TRANSF ELET DISPON | 7118387 | 50.000,00 |
| | REMET.DARIO GOMES FERREIRA | | |
| 22/07/20 | TRANSF AUTORIZ ENTRE AGS | 2841734 | 50.000,00 |
| | Cloves Roberto da Fonseca | | |
| 22/07/20 | TRANSF CC PARA CC PJ | 3131516 | 45.000,00- |
| | COMPRALO INTERMEDIACAO E A | | |
| 22/07/20 | TRANSF CC PARA CC PJ | 3131706 | 50.000,00- |



Também corroboram a tese de existência de grupo econômico, o instrumento partícula de cessão temporária de uso de criptoativos, mov.12.32, em que constasse a Rental como locatária e a ITX como garantidora da operação, como também as inúmeras execuções de título judiciais ajuizadas em face de mais de uma empresa do grupo, a exemplo dos autos de n° 0002867-76.2022.8.16.0194, cópia ao mov.12.36, sendo evidente a atuação conjunta com integração de interesses.

Não é demais consignar que as próprias empresas rés não negam nos presentes autos a existência do grupo econômico, visto que sequer apresentaram contestação, ainda que devidamente intimadas para tanto, o que importa na presunção de veracidade dos fatos alegados pelo autor corroboradas pelas provas trazidas aos autos, e, sendo elas aptas ao reconhecimento da pretensão deduzida em juízo.

Para além da existência do grupo econômico e de confusão patrimonial, também resta evidente os prejuízos causados aos milhares de credores, que esperam ser satisfeitos na falência da Rental Coins, referente a um passivo expressivo de cerca de R$ 323.572.803,10

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

(trezentos e vinte e três milhões, quinhentos e setenta e dois mil, oitocentos e três reais e dez centavos), estes contabilizados apenas com base no valor das causas movidas em face do grupo, ante ações perpetradas pelas rés em conluio com a Falida.

E isto porque ainda que todas as rés façam parte do mesmo grupo econômico, curiosamente a Falida e as rés Interag Consultoria, Compralo Intermediação, Intertradec, Interag Administradora de Fundos, Compralo Administradora, Intergalaxy Holdings e Rentex Exchange, ao ajuizaram a ação cautelar deixaram propositalmente de incluir a empresa ITX, objetivando frustrar a arrecadação de bens, os quais estão em sua maior parte em nome desta empresa, tais como: aeronave, quatro embarcações, veículos luxuosos, mansões, conforme se extrai do registro aeronáutico, mov.12.33, pela busca via Renajud, mov.12.35, e matrículas de movs.12.46 a 12.50.

Inclusive referida existência de patrimônio em nome da ITX, também é facilmente verificável pelas inúmeras ações de embargos de terceiro e restituições ajuizadas neste juízo, a exemplo dos autos de n° 0008420-97.2023.8.16.0185, 0002877-79.2024.8.16.0185, 0014493-24.2024.8.16.0194.

Além disso, conforme já reiterado nestes autos é inegável a existência de um grande número de processos em andamento, nos quais estão sendo penhorados e levados a leilão os bens da empresa, em prejuízo da falência e do par conditio creditorum, lesando aqueles credores que inclusive já começaram a habilitar seus créditos nos autos de falência.

Sendo assim, o esvaziamento da empresa falida, a criação de novas empresas vinculadas ao ramo de atuação Falida, aliado ao não pagamento integral das dívidas da ora falida, pode ser considerada fraude aos credores, não restando dúvidas quanto a necessidade de extensão da falência.

Destarte ante os fortes indícios apresentados, é visível a confusão patrimonial entre as empresas, justificando, assim, a extensão dos efeitos da falência da empresa Rental Coins Tecnologia da Informação Ltda., para as empresas Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Orprass Ltda. e Orbank Soluções em Pagamento Ltda.


**Desconsideração de Personalidade Jurídica**

Conceitua-se a desconsideração da personalidade jurídica como *"é a retirada episódica, momentânea e excepcional da autonomia patrimonial da pessoa jurídica, a fim de estender os efeitos de suas obrigações à pessoa de seus sócios ou administradores, com o fim de coibir o desvio da função da pessoa jurídica, perpetrado por estes."[4]*.

Referido instituto, no caso de empresas falidas, visa trazer *"o patrimônio do devedor para responder pelos débitos da massa falida[5]"*.



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

Sobre o tema destaque-se o disposto pelo relator Paulo Pastore Filho, na decisão do Agravo de Instrumento de n° 366.267-4/2-00 do Tribunal de Justiça do Estado de São Paulo:

> *"A desconsideração da personalidade jurídica dos sócios que exerceram a gerência da sociedade falida não é um ato em si mesmo, mas correspondente **à adição do patrimônio daqueles à massa, para pagamento dos credores**".*

A desconsideração da personalidade jurídica esta prevista no artigo 82-A, parágrafo único, da LFRJ:

> *Art. 82-A. É vedada a extensão da falência ou de seus efeitos, no todo ou em parte, aos sócios de responsabilidade limitada, aos controladores e aos administradores da sociedade falida, admitida, contudo, a desconsideração da personalidade jurídica.*
>
> *p.único. **A desconsideração da personalidade jurídica da sociedade falida, para fins de responsabilização de terceiros, grupo, sócio ou administrador por obrigação desta, somente pode ser decretada pelo juízo falimentar com a observância do art. 50 da Lei nº 10.406, de 10 de janeiro de 2002 (Código Civil)e dos arts. 133, 134, 135, 136 e 137 da Lei nº 13.105, de 16 de março de 2015 (Código de Processo Civil), não aplicada a suspensão de que trata o § 3º do art. 134 da Lei nº 13.105, de 16 de março de 2015 (Código de Processo Civil).***

Veja-se que o artigo acima exposto remete a aplicação da desconsideração da personalidade jurídica aos ditames previstos no Código Civil e no Código de Processo Civil.

Assim o sendo, para que seja possível o deferimento da desconsideração é necessário o cumprimento dos requisitos expostos no artigo 50 do CC:

> *Art. 50. **Em caso de abuso da personalidade jurídica, caracterizado pelo desvio de finalidade ou pela confusão patrimonial**, pode o juiz, a requerimento da parte, ou do Ministério Público quando lhe couber intervir no processo, desconsiderá-la para que os efeitos de certas e determinadas relações de obrigações sejam estendidos aos bens particulares de administradores ou de sócios da pessoa jurídica beneficiados direta ou indiretamente pelo abuso. (Redação dada pela Lei nº 13.874, de 2019)*

Acerca do tema:

> *Em certos microssistemas pode-se até admitir a teoria menor, que se contenta com o simples inadimplemento, mas, num processo geral como a falência, **só se pode cogitar da desconsideração da personalidade jurídica fundada na teoria maior, que exigirá o preenchimento dos pressupostos do art. 50 do CC**. Essa conclusão é reforçada pelo art. 6º-C da Lei n. 11.101/2005, que diz que "é vedada atribuição de*



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

> *responsabilidade a terceiros em decorrência do mero inadimplemento de obrigações do devedor falido ou em recuperação judicial", afastando o simples inadimplemento como fundamento para a desconsideração[6].*

Diante do acima exposto, conclui-se que haverá desconsideração da personalidade apenas quando houver desvio de finalidade ou confusão patrimonial.

Por desvio de finalidade entenda-se "a utilização da pessoa jurídica com o propósito de lesar credores e para a prática de atos ilícitos de qualquer natureza" (art.50, §1°, do CC).

Trata-se de ato proposital, malicioso, para prejudicar terceiros[7].

Já a confusão patrimonial decorre da "ausência de separação de fato entre os patrimônios" (art. 50, §2°, do CC).

Acerca do tema:

> *"A confusão patrimonial, que é a causa de pedir mais comum, incide sobre elementos internos da sociedade e ocorre quando há mistura de patrimônios que, após a confusão, não mais podem ter sua propriedade identificada sem grande dispêndio de tempo e de recursos, podendo assumir inúmeras formas, como a livre distribuição de lucros e prejuízos inexistentes; o simples desvio de patrimônio da sociedade em favor dos sócios sem as devidas contrapartidas, sejam eles pessoas físicas ou sociedades do mesmo grupo, e muitos outros fatos que refletem a unidade econômica , apesar da pluralidade jurídica. Essa causa é suficiente e não precisa ser combinada com nenhuma outra, bastando para a desconsideração da personalidade jurídica"[8].*

Como exemplo da confusão patrimonial dispõe o Código Civil: cumprimento repetitivo pela sociedade de obrigações do sócio ou do administrador ou vice-versa; transferência de ativos ou de passivos sem efetivas contraprestações, exceto os de valor proporcionalmente insignificante; e outros atos de descumprimento da autonomia patrimonial.

Ainda, sobre o cumprimento do artigo 134, §4°, do CPC e 50 do Código Civil, muito embora não seja pressuposto para a instauração do incidente de desconsideração da personalidade jurídica, a prova de insolvência[9] (art.82 da LFRJ), com o exaurimento da via executiva, necessária a comprovação da prática objetivando o desvio de finalidade ou confusão patrimonial[10].

Nesse sentido:

> *AGRAVO DE INSTRUMENTO – INCIDENTE DE DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA INDEFERIDO – INSURGÊNCIA DA REQUERENTE CREDORA – ALEGAÇÃO DE DISSOLUÇÃO IRREGULAR E INSOLVÊNCIA DA DEVEDORA - SITUAÇÃO QUE NÃO FUNDAMENTA, POR SI SÓ, A DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA – ART. 50, CC QUE REQUER PROVA DO*



Documento assinado digitalmente, conforme MP n° 2.200-2/2001, Lei n° 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

*ABUSO DA PERSONALIDADE JURÍDICA MEDIANTE PROVA DA CONFUSÃO PATRIMONIAL OU DESVIO DE FINALIDADE – HIPÓTESES NÃO COMPROVADAS NO CASO EM EXAME - DECISÃO MANTIDA.1. A pretensão de desconsideração da personalidade jurídica, pela teoria maior, exige a comprovação do abuso de personalidade pela confusão patrimonial ou desvio de finalidade (art. 50 do Código Civil).2. No caso, não há indícios de que o esvaziamento patrimonial da empresa ocorreu em proveito do patrimônio dos sócios ou de que houve desvio de finalidade, o que impede o acolhimento da pretensão de desconsideração.RECURSO CONHECIDO E NÃO PROVIDO. (TJPR - 12ª C.Cível - 0002050-12.2022.8.16.0000 - Marechal Cândido Rondon - Rel.: DESEMBARGADORA ROSANA AMARA GIRARDI FACHIN - J. 27.06.2022)*

No caso dos autos, restam preenchidos os requisitos da desconsideração da personalidade jurídica apenas em face do Sr. Francisley Valdevino da Silva. Explico.

Conforme já destacado no item anterior, tomando-se por base os contratos sociais e alterações colacionados ao movs.12 e 30, extrai-se que o Sr. Franscisley é sócio, quando não sócio, uma de suas empresas o é, e é administrador/diretor não apenas da Falida como também das empresas rés, além de residir na Rua Deputado Heitor Alencar Furtado, n° 3350, andar 13, endereço este que corresponde ao endereço de sede das empresas rés:

*6ª ALTERAÇÃO DE CONTRATO RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LTDA.*

*CNPJ 34.690.143/0001-94*

*NIRE Nº: 41209128406*

*Cláusula Sétima – **A administração da sociedade caberá ao administrador/sócio FRANCISLEY VALDEVINO DA SILVA,** com os poderes e atribuições de representação ativa e passiva na sociedade, judicial e extrajudicial, podendo praticar todos os atos compreendidos no objeto social, sempre de interesse da sociedade, autorizado o uso do nome empresarial, vedado no entanto, fazê-lo em atividades estranhas ao interesse social ou assumir obrigações seja em favor de qualquer dos quotistas ou de terceiros, bem como onerar ou alienar bens imóveis da sociedade, sem autorização do(s) outro(s) sócio(s).*

*4ª ALTERAÇÃO DE CONTRATO ITX ADMINISTRADORA DE BENS LTDA*

*CNPJ 36.057.668/0001-12*

*NIRE Nº 41209250881*



*CLÁUSULA VI- DA ADMINISTRAÇÃO (ART.997, Vi; 1.064, CC)* **A administração da sociedade será exercida pelo sócio FRANCISLEY VALDEVINO DA SILVA** *que representará legalmente a sociedade e pode praticar todo e qualquer ato de gestão pertinente ao objeto social.*

*INTERTRADEC SA*

*CNPJ 31.946.272/0001-02*

*NIRE (Sede) 41300300721*

**Diretoria/Término do Mandato/Cargo/Nome/CPF - Nome da pessoa: FRANCISLEY VALDEVINO DA SILVA**

*5ª ALTERAÇÃO DE CONTRATO INTERAG CONSULTORIA E TECNOLOGIA DA INFORMAÇÃO LTDA*

*CNPJ 33.317.379/0001-17*

*NIRE Nº: 41209*

**Cláusula sétima – A administração da sociedade caberá ao administrador/sócio FRANCISLEY VALDEVINO DA SILVA**, *com os poderes e atribuições de representação ativa e passiva na sociedade, judicial e extrajudicial, podendo praticar todos os atos compreendidos no objeto social, sempre de interesse da sociedade, autorizado o uso do nome empresarial, vedado no entanto, fazê-lo em atividades estranhas ao interesse social ou assumir obrigações seja em favor de qualquer dos quotistas ou de terceiros, bem como onerar ou alienar bens imóveis da sociedade, sem autorização do(s) outro(s) sócio(s).*

*CONTRATO SOCIAL DE CONSTITUIÇÃO DE SOCIEDADE EMPRESÁRIA LIMITADA INTERAG ADMINISTRAÇÃO DE FUNDOS LTDA.*

*CLÁUSULA VI - DA ADMINISTRAÇÃO (ART. 997, VI; 1.013, 1.015; 1.064, CC)* **A administração da sociedade será exercida ISOLADAMENTE pelo não sócio FRANCISLEY VALDEVINO DA SILVA**, *BRASILEIRO , SOLTEIRO, EMPRESARIO, natural da cidade de Registro – SP, data de nascimento 27/07/1985, portador da Carteira Nacional de Habilitação (CNH): n° 05056564472, expedida por ssp/PR em 27/07/2016 e CPF: n° 362.089.558-90, residente e domiciliado na cidade de Curitiba - PR, na RUA DEPUTADO HEITOR ALENCAR FURTADO, n° 3350, SALA 1001*



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

ANDAR 10 COND OPUS ONE ECOVILLE, CAMPO COMPRIDO, CEP: 81200-528, que fará parte da administração, com os poderes e atribuições de representar a empresa ativa e passivamente, judicial ou extrajudicialmente, podendo praticar todos os atos compreendidos no objeto social, autorizado o uso do nome empresarial, sempre no interesse da empresa, ficando vedado, entretanto, em negócios estranhos aos fins sociais em assuntos de interesse da empresa, podendo assinar quaisquer documentos de comum acordo em todos os órgãos públicos, contrair empréstimos em estabelecimentos bancários.

*5ª ALTERAÇÃO DE CONTRATO COMPRALO INTERMEDIAÇÃO E AGENCIAMENTO DE SERVIÇOS LTDA*

*C.N.P.J: 33.496.327/0001-55*

*Nire nº: 41209037524*

*Cláusula Segunda – **O administrador e representante da sociedade passa a ser o não sócio FRANCISLEY VALDEVINO DA SILVA**, nacionalidade BRASILEIRO, EMPRESÁRIO, natural de Registro – SP solteiro nascido em 27/07/1985, nº do CPF 362.089.558-90, documento de identidade 45.459.083-0, SSP, SP, com residência a RUA Agostinho Ângelo Trevisan, nº 582, Ap B bairro Uberaba, município CURITIBA – PARANÁ, CEP 81.560-280.*

*ATO CONSTITUTIVO DA EMPRESA INDIVIDUAL DE RESPONSABILIDADE LIMITADA – EIRELI – COMPRALO ADMINISTRADORA DE CARTÕES*

*CLÁUSULA VI - DA ADMINISTRAÇÃO (ART. 997, VI, CC)*

***A administração será exercida pelo titular FRANCISLEY VALDEVINO DA SILVA**, que representará legalmente a empresa e poderá praticar todo e qualquer ato de gestão pertinentes ao objeto.*

*INTERGALAXY HOLDINGS SA*

***Diretoria/Término do Mandato/Cargo/Nome/CPF - Nome da pessoa: FRANCISLEY VALDEVINO DA SILVA***

*1 ALTERAÇÃO DO CONTRATO SOCIAL RENTEX EXCHANGE LTDA*



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

*CNPJ 44.683.876/0001-55*

*NIRE 41210459348*

*CLÁUSULA VI - DA ADMINISTRAÇÃO (ART. 997, VI; 1.013, 1.015; 1.064, CC)* **A administração da sociedade será exercida ISOLADAMENTE e /ou CONJUNTAMENTE pelo não sócio FRANCISLEY VALDEVINO DA SILVA** *, BRASILEIRO , SOLTEIRO, EMPRESÁRIO, nascido(a) em 27/07 /1985, n° do CPF 362.089.558-90, residente e domiciliado na cidade de Curitiba - PR, na RUA DEPUTADO HEITOR ALENCAR FURTADO, n° 3350, ANDAR 10 SALA 1001, CAMPO COMPRIDO, CEP: 81200-528, que fará parte da administração, com os poderes e atribuições de representar a empresa ativa e passivamente, judicial ou extrajudicialmente, podendo praticar todos os atos compreendidos no objeto social, autorizado o uso do nome empresarial, sempre no interesse da empresa, ficando vedado, entretanto, em negócios estranhos aos fins sociais em assuntos de interesse da empresa, podendo assinar quaisquer documentos de comum acordo em todos os órgãos públicos, contrair empréstimos em estabelecimentos bancário.*

*ORPASS LTDA.*

*CNPJ: 43.367.328/0001-53*

**Nome/Nome Empresarial: FRANCISLEY VALDEVINO DA SILVA**
**Qualificação: 49-Sócio-Administrador**

*ORBANK SOLUCOES EM PAGAMENTO LTDA.*

*CNPJ: 37.523.337/0001-93*

**Nome/Nome Empresarial: FRANCISLEY VALDEVINO DA SILVA**
**Qualificação: 49-Sócio-Administrador**

Verifica-se, portanto, que, o Sr. Francisley Valdevino da Silva apareça ora como representante, ora compondo o quadro societário das referidas pessoas jurídicas, que são controladas e/ou administradas pelo próprio.

Não obstante, verifica-se ainda que o Sr. Francisley possui 91 CNPJ's em seu nome, conforme se extrai da consulta realizada pelo Administrador Judicial na JUCEPAR, mov.12.28.

Em relação as empresas rés, verifica-se estas eram geridas por Francisley de maneira a ensejar confusão patrimonial e abuso de personalidade, conforme já exposto no item anterior, como também pelos extratos bancários de mov.347, que demonstram depósitos de valores operados em seu favor, seja com origem na Compralo, na ITX, etc.

Documento assinado digitalmente, conforme MP n° 2.200-2/2001, Lei n° 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

Destaque-se algumas destas movimentações:

 **bradesco**

### Extrato para
### Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 65 |

| Nome | Agência | Conta |
|---|---|---|
| COMPRALO ADMINISTRADORA C. EIRELI | 3131-3 | 20.922-8 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 696.089,33CR |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6221455 | 13.120,01- |
| | DEST. KBL Servicos de Apoi | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6385918 | 7.000,00- |
| | DEST. Barbara coelho veiga | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6388190 | 11.950,00- |
| | DEST. B DeMG Guimaraes | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6647248 | 672,58- |
| | DEST. FLAVIO | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6785313 | 2.550,00- |
| | DEST. Felipe Pinheiro de A | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6812009 | 25.000,00- |
| | DEST. Simone Albertina Ven | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6821986 | 62.500,00- |
| | DEST. CLAUDENICE CHAGAS | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6843078 | 100.740,00- |
| | DEST. BLESTCOINS | | |
| 21/12/20 | TED DIF.TITUL.CC H.BANK | 6851794 | 100.000,00- |
| | DEST. FRANCISLEY VALDEVINO | | |

 **bradesco**

### Extrato para
### Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 118 |

| Nome | Agência | Conta |
|---|---|---|
| COMPRALO INTERMEDIACAO A. S. LTDA | 3131-3 | 20.504-4 |

CONTA CORRENTE

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 1,00CR |
| 30/07/20 | TED-TRANSF ELET DISPON | 1119499 | 255.000,00 |
| | REMET.RENTAL COINS TECNOLO | | |
| 30/07/20 | TED-TRANSF ELET DISPON | 1150102 | 50.500,00 |
| | REMET.ANDRE LUIS DE ALMEID | | |
| 30/07/20 | TED-TRANSF ELET DISPON | 9889955 | 40.000,00 |
| | REMET.ORGANIZACAO JEOVA NI | | |
| 30/07/20 | TRANSF CC PARA CC PJ | 2222279 | 200.000,00 |
| | ACADEMIA BE HAPPY LTDA    EPP | | |
| 30/07/20 | TED DEVOLVIDA* | 9805371 | 500,00 |
| | 03-DIVERG. CPF/CNPJ DESTINAT | | |
| 30/07/20 | TED DIF.TITUL.CC H.BANK | 1004319 | 25.000,00- |
| | DEST. FRANCISLEY VALDEVINO | | |



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

 **bradesco**

## Extrato para
## Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 102 |

| Nome | | Agência | Conta |
|---|---|---|---|
| INTERGALAXY HOLDINGS SA | | 3131-3 | 20.500-1 |
| CONTA CORRENTE | | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 1,00CR |
| | SALDO EM 12/08/2021 | | 1,00CR |
| 13/08/21 | RESGATE INVEST FACIL | 0746878 | 200.174,00 |
| 13/08/21 | RESGATE INVEST FACIL | 8888818 | 135.395,82 |
| 13/08/21 | RESGATE INVEST FACIL | 9694770 | 196.705,91 |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO ITX | 0000244 | 745,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO ITX | 0000245 | 745,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO ITX | 0000246 | 745,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO ITX | 0000247 | 745,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO ITX | 0000248 | 745,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BRAVE | 0000249 | 2.100,00- |
| 13/08/21 | PAGTO ELETRON COBRANCA BOLETO | 0000250 | 21.406,02- |
| 13/08/21 | TED DIF.TITUL.CC H.BANK DEST. ALESSANDRA BACH | 3952212 | 125.000,00- |
| 13/08/21 | TED DIF.TITUL.CC H.BANK DEST. FRANCISLEY VALDEVINO | 3960579 | 250.000,00- |

 **bradesco**

## Extrato para
## Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 23 |

| Nome | | Agência | Conta |
|---|---|---|---|
| INTERTRADEC SA | | 3131-3 | 20.502-8 |
| CONTA CORRENTE | | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 100.021,90CR |
| 23/09/20 | TED DIF.TITUL.CC H.BANK DEST. INTERCORE | 6849380 | 50.000,00- |
| 23/09/20 | TED DIF.TITUL.CC H.BANK DEST. FRANCISLEY VALDEVINO | 6888827 | 50.000,00- |

Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

## bradesco

### Extrato para Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 38 |

| Nome | | Agência | Conta |
|---|---|---|---|
| ORBANK SOLUCOES EM PAGAMENTO LTDA | | 3131-3 | 20.118-9 |
| CONTA CORRENTE | | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 41.822,53CR |
| | FRANCISLEY VALDEVINO DA SI | | |

## bradesco

### Extrato para Simples Conferência

| Emissão | Folha |
|---|---|
| 19/04/2024 | 08 |

| Nome | | Agência | Conta |
|---|---|---|---|
| RENTAL COINS TECNOLOGIA I. LTDA | | 3131-3 | 20.774-8 |
| CONTA CORRENTE | | | |

| Data | Histórico | Documento | Débito/crédito/saldo |
|---|---|---|---|
| | TRANSPORTE | | 1,00CR |
| 18/02/20 | TED-TRANSF ELET DISPON | 6438363 | 1.175,90 |
| | REMET.DIEGO CAZANGI MAIA | | |
| 18/02/20 | TED DEVOLVIDA* | 5502736 | 1.000,00 |
| | 02-AG.OU CTA DEST. INVALIDA | | |
| 18/02/20 | RESGATE INVEST FACIL | 8119410 | 535.407,84 |
| 18/02/20 | TED DIF.TITUL.CC H.BANK | 6292860 | 1.000,00- |
| | DEST. Rafael Douglas Pauli | | |
| 18/02/20 | TED DIF.TITUL.CC H.BANK | 6773782 | 200.000,00- |
| | DEST. FRANCISLEY VALDEVINO | | |

Ainda saliente-se que as fraudes criminosas perpetradas através das empresas administradas pelo Sr. Francisley Valdevino da Silva, mais conhecido como Sheik dos Bitcoins, foram devidamente elencadas e demonstradas Inquérito Policial n. IPL n°. 2022.0014433.

O referido Inquérito Policial foi instaurado pela Polícia Federal para apurar o cometimento, em tese e a princípio, dos delitos descritos nos Art. 7º, II - Lei 7.492/1986, - Crimes contra o Sistema Financeiro Nacional, Art. 2, IX - Lei 1.521/1952 - Crimes contra a economia popular, Art. 2º - Lei 12.850/2013 - Define organização criminosa e dispõe sobre a investigação criminal e dá outras providências., Art. 171 - Decreto Lei 2.848/1940 - Código Penal e Art. 1° - Lei 9.613 /1998 - Lavagem de Dinheiro.

A investigação teve início por solicitação da Homeland Security Investigations - HSI dos EUA, recebida pela Polícia Federal por meio da Interpol, contendo informações de que a empresa FORCOUNT e o brasileiro FRANCISLEY VALDEVINO DA SILVA, estão sendo investigados

Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

pela Força Tarefa de El Dorado (El Dorado Task Force), da HSI Nova York, por envolvimento em uma conspiração de lavagem de dinheiro, com base em um esquema pirâmide de investimentos em criptomoedas.

As investigações realizadas pela Polícia Federal culminaram na Operação Poyais, deflagrada no dia 06/10/2022 nesta cidade de Curitiba, oportunidade em agentes da Polícia Federal cumpriram mandados de busca e apreensão expedidos pela 23ª Vara Federal de Curitiba, com a finalidade de aprofundar as investigações que apontam a existência de esquema fraudulento que teria movimentado quase R$ 4 bilhões (quatro bilhões de reais) no Brasil.

Tais fatos constam não apenas nos autos em trâmite na 23ª Vara Federal de Curitiba, protegidos por sigilo, mas são amplamente conhecidos da imprensa[11].

Inclusive em 03 de novembro de 2022 o Sr. Francisley Valdevino da Silva foi preso preventivamente ao descumprir medida cautelar que proibia a continuidade de sua administração nas empresas.

Não obstante houve a reiterada inércia do Sr. Francisley Valdevino da Silva que não compareceu aos autos e não apresentou defesa e ainda sustentou nos autos falimentares não ter acesso às contas correntes de todas as empresas relacionadas nos autos, o que mais uma vez demonstra suas manobras para ocular não apenas o seu patrimônio como das empresas rés.

Ainda de se reiterar a outra tentativa de ocultação de bens, por meio da ação cautelar, que como acima exposto deixou propositalmente de incluir a empresa ITX, detentora da maior parte dos bens do grupo econômico.

Ante ao exposto, uma vez que restam demonstradas as manobras perpetradas pelo sócio Sr. Francisley Valdevino da Silva com o fim de lesar credores e blindar seu patrimônio, bem como igualmente comprovada a confusão patrimonial entre as empresas e o sócio, de se acolher o pedido de desconsideração da personalidade jurídica em face deste.

Por outro lado, quanto ao pedido de desconsideração em face de Rauny Pero Ribeiro Chagas Proêncio, o mesmo não merece prosperar.

Isto porque conforme entendimento firmado pelo STJ, *"os efeitos da desconsideração da personalidade jurídica somente alcançam os sócios participantes da conduta ilícita ou que dela se beneficiaram, ainda que se trate de sócio majoritário ou controlador"*[12].

No caso dos autos, o simples fato do Sr. Rauny Pero Ribeiro Chagas Proêncio ter figurado em algum momento como sócio da ITX por si só não caracteriza qualquer conduta ilícita por parte do mesmo e eventual ocultação de bens sequer é comprovada no feito, mas apenas afirmada genericamente pelo Administrador Judicial.

Ademais as esferas cíveis e criminais são independentes, podendo o réu responder civilmente pela prática de ato do qual, na esfera criminal, tenha sido absolvido por ausência de provas de



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

que tenha concorrido para a infração legal, nos termos do artigo 935 do Código Civil, e assim o sendo a condenação criminal de Rauny Pero Ribeiro Chagas Proêncio não se presta ao fim de autorizar a desconsideração da personalidade jurídica.

Nesse sentido:

*AGRAVO INTERNO. RECURSO ESPECIAL. AÇÃO INDENIZATÓRIA. ACIDENTE DE TRÂNSITO. ART. 935 DO CC. INDEPENDÊNCIA RELATIVA ENTRE AS INSTÂNCIAS. SENTENÇA PENAL. NÃO VINCULAÇÃO DO JUÍZO CÍVEL. PRECEDENTES. SÚMULA 568 DO STJ. REVISÃO DAS CONCLUSÕES ADOTADAS NO ACÓRDÃO RECORRIDO QUANTO À CULPA DO MOTORISTA. IMPOSSIBILIDADE. SÚMULA 7 DO STJ. DECISÃO MANTIDA. AGRAVO NÃO PROVIDO*

*1. **Nos termos da jurisprudência desta Corte, a responsabilidade civil é independente da criminal**, não interferindo no andamento da ação de reparação de danos que tramita no juízo cível eventual absolvição por sentença criminal que não ilide a autoria ou a existência do fato. Precedentes. Súmula 568 do STJ. 2. Não cabe, em recurso especial, reexaminar matéria fáticoprobatória (Súmula n. 7/STJ). 3. Agravo interno a que se nega provimento."(AgInt no REsp n. 1.897.830/RS, relatora Ministra Nome, Quarta Turma, julgado em 19/9/2022, DJe de 26/9/2022).*

*APELAÇÃO. ASSÉDIO SEXUAL. INDENIZATÓRIA. Alegação de que o requerido passou a se dirigir à requerente com palavras ofensivas e de conteúdo sexual . Sentença de procedência, com a condenação do réu ao pagamento de indenização por danos morais na monta de R$12.000,00. Irresignação do Requerido. RESPONSABILIDADE CIVIL. INDEPENDÊNCIA RELATIVA ENTRE AS INSTÂNCIAS. **Inteligência do artigo 935, do Código Civil. As esferas cíveis e criminais são independentes, podendo o réu responder civilmente pela prática de ato do qual, na esfera criminal, tenha sido absolvido por ausência de provas de que tenha concorrido para a infração legal.** Transação penal em si que não é capaz de afastar pedido de condenação em danos morais . DANOS MORAIS. Reconhecidos. É inadmissível a utilização de expressões chulas e sexistas para ofender mulheres, considerando o impacto profundo e negativo sobre a dignidade e o bem-estar das vítimas. A conduta do requerido, ao proferir linguagem desrespeitosa e depreciativa, configura violação dos princípios de igualdade e respeito, resultando em significativo dano moral . O comportamento do requerido é contrário aos valores de dignidade humana e igualdade de gênero, tornando imprescindível a imposição de medidas corretivas e reparatórias. Sentença mantida. Recurso desprovido.*



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU

*(TJ-SP - Apelação Cível: 10065107120228260606 Suzano, Relator.: Vitor Frederico Kümpel, Data de Julgamento: 06/09/2024, 4ª Câmara de Direito Privado, Data de Publicação: 06/09/2024)*

Destarte indefiro o pedido de desconsideração da personalidade em face de Sr. Rauny Pero Ribeiro Chagas Proêncio.

## III – DISPOSITIVO:

Ante ao exposto, **julgo parcialmente procedente o pedido**, extinguindo o processo com resolução do mérito, o que faço com fulcro nos artigos 133, 134, 135, 136, 137 e 487, inciso I do CPC, artigo 50 do CC e artigo 82-A da LFRJ, para o fim de determinar: i) a extensão dos efeitos da falência da empresa Rental Coins Tecnologia da Informação Ltda., para as empresas Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Orprass Ltda. e Orbank Soluções em Pagamento Ltda.; ii) a desconsideração da personalidade jurídica das empresas rés em face do sócio Francisley Valdevino da Silva.

Em razão da sucumbência, condeno a parte ré ao pagamento de custas processuais, despesas processuais e honorários advocatícios, os quais, atendendo o grau de zelo do profissional, o lugar da prestação do serviço, a natureza e a importância da causa, o trabalho realizado pelo advogado e o tempo exigidos para a realização do serviço fixo em 10% (dez por cento) sobre o valor atualizado da causa, tudo em conformidade com o disposto no artigo 85, parágrafo 2º, incisos I à IV do Código de Processo Civil[13].

Publique-se. Registre-se. Intime-se. Ciência ao Ministério Público.

Após o trânsito em julgado desta decisão, observadas as formalidades legais, feitas as baixas na distribuição e diligências necessárias, arquive-se o feito.

Curitiba, 29 de abril de 2025

**Luciane Pereira Ramos**

**Juíza de Direito**

---

[1] RECURSO DE APELAÇÃO CÍVEL – AÇÃO ORDINÁRIA – CITAÇÃO – PEDIDO DE DESISTÊNCIA – AUSÊNCIA DE CONTESTAÇÃO – NÃO CONSOLIDAÇÃO DA RELAÇÃO PROCESSUAL – HONORÁRIOS ADVOCATÍCIOS – INDEVIDOS - PRINCÍPIOS DA SUCUMBÊNCIA E DA CAUSALIDADE – RECURSO DESPROVIDO. 1. **Os honorários advocatícios são regidos pelos princípios da sucumbência e da causalidade. 2. Apresentado o pedido de desistência pelo Autor antes da consolidação da relação processual, considerando a ausência de contestação, não há que se falar em condenação aos honorários advocatícios.** Recurso desprovido.

(TJ-MT 10162467020208110002 MT, Relator: MARIA EROTIDES KNEIP BARANJAK, Data de Julgamento: 21/06/2021, Primeira Câmara de Direito Público e Coletivo, Data de Publicação: 26/06/2021)


Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

[2] AGRAVO DE INSTRUMENTO. FALÊNCIA. INSURGÊNCIA CONTRA DECISÃO QUE DECRETOU A FALÊNCIA DA EMPRESA BRH SULFLEX INDÚSTRIA DE ARTEFATOS DE BORRACHA LTDA., ESTENDENDO OS EFEITOS À EMPRESA HDF COMPONENTES HIDRÁULICOS LTDA . ME, ORA AGRAVANTE. 1) Alegação de inexistência de elementos mínimos para o reconhecimento da configuração de grupo econômico. Matéria decidida anteriormente e que não foi objeto de recurso. Decisão agravada que apenas reiterou a anterior para fins de determinação da extensão dos efeitos da falência para as empresas do mesmo grupo econômico . Impossibilidade de renovação do debate, ex vi do artigo 507 do CPC. Preliminar arguida em contrarrazões acolhida. 2) **Tese de impossibilidade de extensão dos efeitos da falência para atingir o patrimônio de terceiros coligados ao grupo econômico da falida. Rejeição . Medida admitida pela jurisprudência, sendo cabível a prolação da decisão no bojo dos próprios autos de falência, independentemente da instauração de processo autônomo.** Reconhecimento prévio da ocorrência de confusão patrimonial e grupo econômico que permite a extensão na forma determinada na origem, em razão do preenchimento dos requisitos do artigo 50 do CCB. **Inexistência de afronta ao artigo 82-A, caput e parágrafo único, da Lei de Falências.** Eventual descontentamento acerca das decisões anteriores e de equívoco quanto ao procedimento que deveriam ter sido arguidos no momento próprio, sendo inadmissível que a Agravante, ciente da decisão de reconheceu a formação de grupo econômico, silenciasse, para, depois, fazer uso da nulidade guardada na algibeira, em desacordo com a boa-fé objetiva, por força da qual se exige dos litigantes que procedam com lealdade . Decisão agravada mantida.RECURSO PARCIALMENTE CONHECIDO E DESPROVIDO.

(TJ-PR 0040018-42.2023 .8.16.0000 Curitiba, Relator.: Luiz Henrique Miranda, Data de Julgamento: 04/10/2023, 18ª Câmara Cível, Data de Publicação: 04/10/2023)

[3] Bezerra Filho, Manoel Justino. Lei de recuperação de empresas e falência [livro eletrônico] : Lei 11.101/2005 : comentada artigo por artigo. 8. ed. São Paulo : Thomson Reuters Brasil, 2025. Ebook [s.p]

[4] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10. ed. São Paulo : SaraivaJur, 2025. Ebook [s.p]

[5] COSTA, Daniel Carnio; Melo, Alexandre Correa Nasser de. Comentários à lei de falência de recuperação e falência: 11.101. de 09 de fevereiro de 2005. Curitiba: Juruá, 2021. p.215.

[6] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10. ed. São Paulo : SaraivaJur, 2022. Ebook [s.p]

[7] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10. ed. São Paulo : SaraivaJur, 2022. Ebook [s.p]

[8] ALMEIDA, Arthur Cassemiro Moura de...[et.al.]; Lei de recuperação e falência: pontos relevantes e controversos da reforma. Indaiatuba, SP: Editora Foco, 2021. p.48.

[9] A inexistência ou não localização de bens da pessoa jurídica não é condição para a instauração do procedimento que objetiva a desconsideração, por não ser sequer requisito para aquela declaração, já que imprescindível a demonstração específica da prática objetiva de desvio de finalidade ou de confusão patrimonial. (Recurso Especial n°1.729.554 – SP)

[10] "Obviamente, a admissão da desconsideração da personalidade jurídica deve ser considerada a partir da estrita observância ao contraditório e à ampla defesa, carecendo de prova robusta e incontroversa do ato de cometimento de ilícito pelo agente empresário". (Câmara Brasileira do Livro, SP, Brasil) Reforma da lei de falências [livro eletrônico] : reflexões sobre direito recuperacional, falimentar e empresarial moderno 1. ed. -- São Paulo : Thomson Reuters Brasil, 2021.

[11] https://oglobo.globo.com/brasil/noticia/2022/10/sheik-dos-bitcoins-e-alvo-de-operacao-da-pf. ghtml

https://jornalistaslivres.org/pf-faz-operacao-contra-sheik-dos-bitcoins/

https://www.infomoney.com.br/mercados/pf-mira-sheik-das-criptomoedas-em-nova-operacao- esquema-movimentou-r-4-bi-no-brasil-e-no-exterior/

https://portaldobitcoin.uol.com.br/pf-prende-acusado-de-criar-piramide-com-criptomoedas-que- movimentou-r-4-bilhoes-no-brasil-e-nos-eua/

https://economia.uol.com.br/noticias/redacao/2022/10/06/operacao-sheik-dos-biticoins.htm

Documento assinado digitalmente, conforme MP n° 2.200-2/2001, Lei n° 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJBUN NGY5S YWKQ3 DUCMU



PROJUDI - Processo: 0015321-18.2022.8.16.0185 - Ref. mov. 451.1 - Assinado digitalmente por Luciane Pereira Ramos
06/05/2025: JULGADA PROCEDENTE EM PARTE A AÇÃO. Arq: sentença

https://cbncuritiba.com.br/materias/quadrilha-investigada-por-fraudes-bilionarias-envolvendo-    criptomoedas-no-brasil-e-no-exterior-e-alvo-de-operacao-da-policia-federal/

https://cbncuritiba.com.br/materias/policia-federal-faz-balanco-parcial-de-apreensoes-da- operacao-poyais/

https://www.bandab.com.br/seguranca/curitibano-que-comandava-fraudes-com-criptomoedas- e-alvo-da-pf/

https://www.otempo.com.br/economia/vitimas-de-sheik-dos-bitcoins-cobram-r-1-5-bilhoes- 1.2752017

https://www1.folha.uol.com.br/mercado/2022/07/empresa-de-bitcoin-que-deu-golpe-em-sasha- faz-mais-vitimas-entenda-a-fraude-e-saiba-fugir.shtml

[12] STJ – REsp 1325663/SP, Rel. Ministra NANCY ANDRIGHI, TERCEIRA TURMA, julgado em 11-6-2013, DJe de 24-6-2013.

[13] PROCESSUAL CIVIL. RECURSO ESPECIAL SOB O RITO DOS RECURSOS REPETITIVOS. ART. 85, §§ 2º, 3°, 4°, 5°, 6º E 8º, DO CPC. HONORÁRIOS SUCUMBENCIAIS. VALORES DA CONDENAÇÃO, DA CAUSA OU O PROVEITO ECONÔMICO DA DEMANDA ELEVADOS. IMPOSSIBILIDADE DE FIXAÇÃO POR APRECIAÇÃO EQUITATIVA. RECURSO ESPECIAL CONHECIDO E PROVIDO. RECURSO JULGADO SOB A SISTEMÁTICA DOS ARTS. 1.036 E SEGUINTES DO CPC/2015, C/C OS ARTS. 256-N E SEGUINTES DO REGIMENTO INTERNO DO STJ. 1. O objeto da presente demanda é definir o alcance da norma inserta no § 8º do art. 85 do CPC, a fim de compreender as suas hipóteses de incidência, bem como se é permitida a fixação dos honorários por apreciação equitativa quando os valores da condenação, da causa ou o proveito econômico da demanda forem elevados. [...] 24. Teses jurídicas firmadas: i) A fixação dos honorários por apreciação equitativa não é permitida quando os valores da condenação, da causa ou o proveito econômico da demanda forem elevados. É obrigatória, nesses casos, a observância dos percentuais previstos nos §§ 2º ou 3º do art. 85 do CPC - a depender da presença da Fazenda Pública na lide -, os quais serão subsequentemente calculados sobre o valor: (a) da condenação; ou (b) do proveito econômico obtido; ou (c) do valor atualizado da causa. ii) Apenas se admite arbitramento de honorários por equidade quando, havendo ou não condenação: (a) o proveito econômico obtido pelo vencedor for inestimável ou irrisório; ou (b) o valor da causa for muito baixo. [...] (REsp n. 1.906.618/SP, relator Ministro Og Fernandes, Corte Especial, julgado em 16/3/2022, DJe de 31/5/2022.)



Documento assinado digitalmente, conforme MP nº 2.200-2/2001, Lei nº 11.419/2006, resolução do Projudi, do TJPR/OE
Validação deste em https://projudi.tjpr.jus.br/projudi/ - Identificador: PJ8UN NGY5S YWKQ3 DUCMU

Translation No. I-66457
Book No. 808
Page 295

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a copy of a document was submitted to me, written in Portuguese, the translation of which is as follows:*

PROJUDI - Case: 0015321-18.2022.8.16.0185 - Ref. Procedural Motion 451.1 - Digitally signed by Luciane Pereira Ramos

05/06/2025: THE ACTION WAS PARTIALLY GRANTED. File: judgment

## JUDICIAL BRANCH OF THE STATE OF PARANÁ

### JUDICIAL DISTRICT OF THE METROPOLITAN REGION OF CURITIBA - CENTRAL COURTHOUSE OF CURITIBA

27th BANKRUPTCY AND JUDICIAL REORGANIZATION COURT OF CURITIBA - PROJUDI

### JUDGMENT

Procedural Class: Incident Motion of Piercing of Corporate Veil

Main Subject: Provisional Relief

Case No.: 0015321-18.2022.8.16.0185

Claimant(s): BANKRUPTCY ESTATE OF RENTAL COINS TECNOLOGIA DA INFORMAÇÃO TECNOLOGIA LTDA

represented by ATILA SAUNER POSSE SOCIEDADE DE ADVOGADOS

Defendant: COMPRALO ADMINISTRADORA DE CARTOES EIRELI

COMPRALO INTERMEDIACAO E AGENCIAMENTO DE SERVICOS LTDA

FRANCISLEY VALDEVINO DA SILVA

INTERAG ADMINISTRAÇÃO DE FUNDOS LTDA

INTERAG CONSULTORIA E TECNOLOGIA DA INFORMACAO TECNOLOGIA DA INFORMAÇÃO LTDA

INTERGALAXY HOLDINGS S.A.

INTERTRADEC S/A

ITX ADMINISTRADORA DE BENS LTDA

MYBLOC LTDA

ORBANK SOLUCOES EM PAGAMENTO LTDA

ORPASS LTDA

RAUNY PEDRO RIBEIRO CHAGAS PROENCIO

RENTAL COINS TECNOLOGIA DA INFORMACAO LTDA BANKRUPTCY COMPANY

RENTX EXCHANGE LTDA

Examined etc...

## I - REPORT:

Plaintiff, Bankruptcy Estate of Rental Coins Tecnologia da Informação Ltda., duly identified in the complaint, filed an incident motion of piercing of corporate veil coupled with extension of the effects of bankruptcy against Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 ∞ Térreo ∞ Cerqueira César ∞ Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383∞ e-mail: just@just.trd.br∞ www.just.trd.br
Página 1 de 31

Translation No. I-66457
Book No. 808
Page 296



de Bens Ltda., Francisley Valdevino da Silva, Claudete Ribeiro Chagas Proencio, Rauny Pero Ribeiro Chagas Proêncio, claiming, in summary, the existence of evidence of possible abuse of legal personality, characterized by deviation of purpose or commingling of assets.

To this end, the Judicial Administrator of the Bankruptcy Estate of Rental Coins Tecnologia da Informação Ltda declared: a) the existence of an economic group among the companies Interag Consultoria e Tecnologia da Informação Ltda; Interag Administração de Fundos Ltda; Compralo Administradora de Cartões Eireli; Compralo Intermediação e Agenciamento de Serviços Ltda; Intergalaxy Holdings S/A; Intertadec S/A, and Rentex Exchange Ltda; as self-declared by the defendants themselves in the complaint in case records No. 0008402-13.2022.8.16.0185; b) such companies filed a preparatory lawsuit for Judicial Reorganization under No. 0008402-13.2022.8.16.0185, alleging that they are in great financial difficulties, not even being able to pay the court costs; c) all companies are commanded by Mr. Francisley Vadevino da Silva, known as the Bitcoin Sheik, who is currently in preventive detention for alleged crimes against the Brazilian Financial System, against the Public interest, Criminal Organizations, and Money Laundering, which crimes are being investigated by the Federal Police and stem from the movement of R$4 billion withdrawn from investments made by third parties in his companies; d) all the assets of the companies mentioned in item a, and indicated as an economic group, were diverted to the company ITX Administração de Bens Ltda., managed by Mr. Francisley and organized as a holding company with the exclusive function of accumulating and preserving the assets of the other companies that are the defendants in this lawsuit; e) the accumulation of the companies' assets exclusively in the name of ITX is proven in the accounting documents entered of record under No. 0008402-13.2022.8.16.0185, which point to advances of large sums to ITX; f) the integration of ITX; Orbank Soluções em Pagamento Ltda., Orpass Ltda., and Mybloc Ltda. into the economic group is clear, given the identity of address, shareholders, and email; g) the statement of the economic group itself in the case records under No. 0008402-13.2022.8.16.0185, that they do not have any assets, despite the large amounts raised from investors, proves that all assets were diverted to the holding company ITX, with the clear intention of defrauding the creditors of the other companies, even because there is evidence that ITX is a guarantor of business carried out by the Bankruptcy Company.

It also claimed, by way of provisional relief, the freezing and provisional attachment of the assets of all defendant companies, in order to prevent the dissipation of their assets. It entered documents of record, Procedural Motions 12.2 to 12.55.

Amendment to the complaint in Procedural Motion 30.

In an initial ruling in Procedural Motion 31, provisional relief was granted in order to determine and declare the inalienability, freezing, provisional attachment, and preliminary collection of assets owned by the companies Interag Consultoria e Tecnologia da Informação Ltda; Interag Administração de Fundos Ltda; Compralo Administradora de Cartões Eireli; Compralo Intermediação e Agenciamento de Serviços Ltda; Intergalaxy Holdings S/A; Intertadec S/A; Rentex Exchange Ltda; ITX Administradora de Bens Ltda; Orbank Soluções em Pagamento Ltda, Orpass Ltda, and Mybloc Ltda; as well as of the managing shareholders, Francisley Valdevino da Silva, necessary freezing of assets via CNIB, Renajud, and Sisbajud, and provisional attachment of the following assets (i) AIRCRAFT MANUFACTURED BY CESSNA AIRCRAFT, MODEL 680, SERIAL NO. 680-0184 AND MARKS PP-BST, (ii) vessel AZB20 - 2021, (iii) vessel Amalfi, (iv) vessel K-11; (v) vessel Anarquista V, owned by defendant ITX, suspend all auctions designated by different Courts for the sale of the assets of the companies indicated as defendants in this lawsuit, which decision serves as a warrant, and the delivery of official letters to the 23rd Federal Court of Curitiba/PR, case No. 5043166-28.2022.4.04.7000, requesting that all assets seized and sequestrated from the defendant companies be made available to the Judicial Administrator, provided that there is no material harm to the investigations.

The interested third party, PDGM Consultoria e Gestão de Negócios Ltda., filed an interlocutory appeal, which was given partial staying effect in order to stay the decision only in relation to execution proceedings No. 0002867-76.2022.8.16.0194, in progress in the 14th Civil Court, of the same Venue, allowing the regular continuation of the case, including the holding of an auction of the aforementioned seized aircraft, however, maintaining any proceeds from the sale of the asset in a bank account linked to

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code is F268-DD70-62FB-56B3. It can be verified at https://oab.portaldeassinaturas.com.br/443

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08-RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br
Página 2 de 31

Translation No. I-66457
Book No. 808
Page 297



the case records until consideration of this appeal by the Collegiate Board, Procedural Motion 53.

Rental Coins Tecnologia da Informação Ltda., Procedural Motion 77, Interag Administração de Fundos Ltda., Procedural Motion 78, and Francisley Valdevino da Silva, Procedural Motion 79 were served process, and the term has elapsed without any statement, Procedural Motion 86.

The Judicial Administrator requested the rectification of the defendants so that all defendants were included, Procedural Motion 90, and requested the withdrawal of the case against Claudete Ribeiro Chagas Proencio, Procedural Motion 94.

In a decision of Procedural Motion 95, the request for withdrawal was granted.

The Judicial Administrator highlighted that the other defendant companies are no longer in operation, claiming that they be served process in the person of shareholder Franscisley, Procedural Motion 155.

Defendants Compralo Tecnologia em Pagamento Ltda., Procedural Motion 186, Compralo Administradora de Cartões Eireli, Procedural Motion 187, Interag Consultoria e Tecnologia da Informação Ltda., Procedural Motion 188, Intergalaxy Holdings S/A, Procedural Motion 189, Intertadec S/A, Procedural Motion 194, ITX Administradora de Bens Ltd., Procedural Motion 195, Mybloc Ltda., Procedural Motion 196, Orbank Soluções em Pagamento Ltda., Procedural Motion 197, Orpass Ltda., Procedural Motion 198, Rentex Exchange Ltda., Procedural Motion 199, Rauny Pedro Ribeiro Chagas Proencio, Procedural Motion 207, were served process, and the term has elapsed passing without any statement, Procedural Motion 221.

The Judicial Administrator requested the provision of a detailed list of all bank accounts held by all Defendants with Brazilian Financial Institutions and complete bank statements, from the date of opening of said checking accounts to the present moment, which was granted in Procedural Motion 280.

The bank statements were entered into the record in Procedural Motions 325, 347.

The Judicial Administrator requested trial of the case, Procedural Motion 379 and presented final allegations, Procedural Motion 406.

The interested third party, PDGM Consultoria e Gestão de Negócios Ltda., also presented final allegations, Procedural Motion 407.

The Public Prosecutor's Office presented a favorable opinion on the complaint, Procedural Motion 440.

After that, the case records were sent to me under advisement.

This is the brief report. I decide.

## II - GROUNDS

This is an incident motion of piercing of corporate veil and extension of the effects of bankruptcy filed by the Bankruptcy Estate of Rental Coins Tecnologia da Informação Ltda. against Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertadec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Francisley Valdevino da Silva, Rauny Pero Ribeiro Chagas Proêncio, Mybloc Ltda., Orprass Ltda., and Orbank Soluções em Pagamento Ltda.

### Request for withdrawal against Mybloc Ltda.

In Procedural Motion 434, the Judicial Administrator requests withdrawal of the case against the company Mybloc Ltda. due to the lack of evidence of transfer of assets that occurred between said company and the other Group companies.

There was no opposition from the defendants or the Public Prosecutor's Office.

Therefore, dismissal of the case is a necessary measure.

In view of the above, I hereby ratify, by judgment, so that it may produce its legal effects (Code of Civil

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br — www.just.trd.br

Página 3 de 31

Translation No. I-66457
Book No. 808
Page 298

Procedure (CPC), art. 200, sole paragraph), the withdrawal claimed, consequently **dismissing this case,** without prejudice, against Mybloc Ltda., based on article 485, item VIII of the Code of Civil Procedure.

Due to the loss of suit, I order the plaintiff to pay court costs and procedural expenses in accordance with the provisions of article 90 of the Code of Civil Procedure.

No attorneys' fees due to the absence of litigation**[1].**

### Extent of the Effects of Bankruptcy

Despite the extension of the effects of bankruptcy having been prohibited with the amendments to Law No. 14.112/2020, by the head paragraph of article 82-A, such prohibition does not apply to the case in question, as the prohibition contained in the rule concerns the impossibility of extending the bankruptcy or its effects to individuals – limited-liability shareholders, controlling shareholders, and managers of bankrupt companies - which is not the case in these records, in which the aim is to hold liable the legal entities participating in the same economic group as the Bankruptcy Company[2] and which benefited from the fraudulent acts committed by Mr. Francisley Vadevino da Silva.

With respect to this topic:

*Bankruptcy, in our system, can be adjudicated in relation to businesspersons, business companies (art. 1), the unlimited-liability shareholders (art. 81), and sole proprietorships under art. 1.052 of the Civil Code. Individuals cannot be adjudicated bankrupt. They may be subject to civil insolvency proceedings, but they cannot be subject to bankruptcy, an institute of business law. Thus, in principle, it would not be necessary for a provision to prevent the extension of bankruptcy to the shareholders, controlling shareholders, and managers of the Bankruptcy Company.*

*In any case, the provision provides greater certainty that there will be no such decision.* **There is no prohibition on extending bankruptcy to legal entities and, in fact, judges use this extension system when the evidence in the case records demonstrates its relevance.** *Otávio Joaquim Rodrigues Filho ("Lei de Recuperação e Falência," coordinated by Paulo Furtado, vol. 1, 2021, p. 55) rightly points out that "many companies, after being held liable for certain specific obligations of other companies, become unfeasible... In these cases, extending the bankruptcy would certainly correct the problems identified and appears to have been the best solution". The article itself also establishes that, with regard to these individuals, the corporate veil may be pierced, which situation will allow the collection of personal assets to satisfy creditors***[3].**

The extension of the effects of bankruptcy, which may occur in the case records of the bankruptcy proceedings, concerns the extension of bankruptcy to legal entities that have an economic relationship with the Bankruptcy Estate already formed, denoting the existence of an economic group, based on the doctrine of piercing of corporate veil.

The case law of the higher courts establishes the possibility of extending the effects of bankruptcy to other companies in the same economic group.

As already decided by the Superior Court of Justice (STJ) in Special Appeal (REsp) 228.357/SP, Reporting Justice Castro Filho:

*"(...) Based on the Bankruptcy Law and Law No. 6024/74, the judicial administrator may requested the judge, based on the theory of piercing of corporate veil, to extend the effects of the bankruptcy to companies in the same group whenever there is evidence of its use as an abuse of rights, to defraud the law and harm third parties (...)".*

Thus, upon confirmation of the existence of two or more companies with distinct personalities, but which in practice constitute a single entity, and if one of them is adjudicated bankrupt, the effects of the bankruptcy extend to the other, as it is a single asset and control.

An economic group exists when the commingling of assets between the controlling shareholder and the controlled company is proven or when there is evidence of abuse of corporate personification to defraud the law and harm third parties.

Commingling of assets occurs when the corporate division between the combined companies is merely formal and they are substantially integrated, forming a business group with convergent interests.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08-RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP-  Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br
Página 4 de 31

Translation No. I-66457
Book No. 808
Page 299

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

In this regard:

*The commingling of assets between the controlling shareholder and the controlled company is, therefore, the fundamental criterion for piercing the corporate veil. And it is easily understood that this is the case since, in business matters, the legal entity is nothing more than a technique for separating assets. If the controlling shareholder, who is most interested in maintaining this principle, fails to comply with it in practice, it is unclear why judges would respect it, thus transforming it into a purely unilateral rule. (Resp 331.921/SP, reporting Justice LUIS FELIPE SALOMÃO, FOURTH PANEL, tried on 11/17/2009, published in the electronic Court Gazette (E-DJ) on 11/30/2009)*

In the case at hand, the existence of the economic group is clear.

Based on the articles of association and amendments entered of record in Procedural Motion 12, it can be seen that even though it supposedly had its principal place of business at Rua Oscar Borges de Macedo Ribas, 251, Store, 701, Floor 06, Condomínio Podolan Ecoville, the now Bankrupt Company was managed by Mr. Franscisley Valdevino da Silva, who, as stated in the 6th Amendment to the Articles of Association of Rental, Procedural Motion 12.2, would reside at Rua Deputado Heitor Alencar Furtado, no. 3350, 13th floor, which address corresponds to the principal place of business of the defendant companies, and Mr. Franscisley was a shareholder/manager of the same companies. Please see.

According to the articles of association and amendments of Intergalaxy Administradora de Bens Ltda., Procedural Motions 12.3 and 12.4, which currently operates under the name ITX Administradora de Bens Ltda., Procedural Motion 12.3, 12.4, it can be seen that its sole shareholder and manager is Mr. Franscisley Valdevino da Silva, with principal place of business at the same address as Rental Coins - Rua Deputado Heitor Alencar Furtado, No. 3350, 13th floor.

As for Intertradec SA, it is also registered at the address - Rua Deputado Heitor Alencar Furtado, No. 3350, whose officer is Mr. Franscisley Valdevino da Silva, Procedural Motion 12.7, 12.8.

Furthermore, Interag Consultoria e Tecnologia da Informação Ltda. has as a shareholder Intergalaxy Holdings SA, equally managed by Mr. Franscisley Valdevino da Silva, and Mr. Francisley himself, Procedural Motions 12.9, 12.10, also with address at Rua Deputado Heitor Alencar Furtado, No. 3350.

Interag Administração de Fundos Ltda., in turn, also has its address at Rua Deputado Heitor Alencar Furtado, No. 3350, Procedural Motions 12.12, 12.13, has Intergalaxy Holdings SA as a shareholder, but has non-shareholder Mr. Franscisley Valdevino da Silva as manager.

Compralo Intermediação e Agenciamento de Serviços Ltda., in turn, also has its address at Rua Deputado Heitor Alencar Furtado, No. 3350, and its shareholders are Intergalaxy Holdings, Intertradec SA, and Mr. Franscisley Valdevino da Silva, Procedural Motions 12.14, 12.15.

Regarding Compralo Administradora de Cartões Eireli, like the others, it is registered at the address Rua Deputado Heitor Alencar Furtado, No. 3350, has Intergalaxy Holdings SA as a shareholder, but has as manager Mr. Franscisley Valdevino da Silva, who is not a shareholder, Procedural Motions 12.17, 12.19.

Regarding Intergalaxy Holdings SA, once again the address is at Rua Deputado Heitor Alencar Furtado, No. 3350, and its officer is Mr. Franscisley Valdevino da Silva, Procedural Motion 12.21.

Regarding Rentx Exchange Ltda., it is registered at the same address as the others, with the Bankruptcy Company as a shareholder, and managed by Mr. Franscisley Valdevino da Silva, Procedural Motion 12.24.

The same occurs with Orpass Ltda., with its principal place of business at Rua Deputado Heitor Alencar Furtado, No. 3350, which has as shareholders Franscisley Valdevino da Silva, Intergalaxy Holdings SA, Orbank Soluções em Pagamento Ltda., Procedural Motion 30.4, and Orbank Soluções em Pagamento Ltda.

Despite being located in the same building and having Mr. Franscisley Valdevino da Silva as manager/officer, all CNPJ numbers, Procedural Motions 12.5, 12.8, 12.11, 12.12, 12.16, 12.19, 12.22, 12.23, 30.3, 30.5, 30.7, has as electronic address: ITXADMGROUP@GMAIL.COM.

Furthermore, the Bankruptcy Company itself, as well as defendants Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli,

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br
Página 5 de 31

Translation No. I-66457
Book No. 808
Page 300

*Sandra Regina Mattos Rudzit*

TRADUTORA PÚBLICA

Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings SA, Intertradec SA, Rentex Exchange Ltda. stated, in the complaint for preliminary provisional relief No. 0008402-13.2022.8.16.0185, the existence of the economic group, copy in Procedural Motion 31.2, and reiterated in Procedural Motion 28 of the case records of the action for preliminary provisional relief:

*1.4 JOINDER OF PLAINTIFFS - JOINT BUSINESS GROUP WITH CENTRALIZED MANAGEMENT - NECESSARY PROCEDURAL AND SUBSTANTIAL CONSOLIDATION*

**All the companies that make up the so-called Intergalaxy Group are closely interconnected.**

*In view of that, the extensive interpretation of the doctrine of piercing of corporate veil must be used by analogy, because if bankruptcy is extended to companies that are part of the same economic group, and Judicial Reorganization is used as a form of defense for the bankruptcy of the business company (art. 95 of law 11.101/2005), there is no reason not to hear the processing of the Judicial Reorganization together, under penalty of distorting the basic principle of the Law, which is the preservation of companies.*

*This occurs precisely due to the existence of* **an explicit connection between the assets and liabilities of the Companies Under Reorganization, which are clearly intertwined,** *so that, without the joint processing of the Judicial Reorganization (in procedural and substantial consolidation), the bankruptcy of one of the companies would end up leading the other to the same fate.*

*[...]*

**Therefore, the Claimant companies must be considered as a single economic group, and their Judicial Reorganization shall be processed in the form of necessary joinder of plaintiffs.**

**In fact, practically all legal proceedings involve at least two companies under Reorganization,** *all of which have been and continue to be affected by freezing of assets and other forms of judicial constraint, such that the inclusion of only one of the companies in the Reorganization Plan would not achieve the desired practical result.*

*[…]*

*a. Procedural consolidation*

*Pursuant to the provisions of article 69-G of the Bankruptcy and Reorganization Law (LRF), procedural consolidation will be present when "debtors that meet the requirements set forth in this Law and which are part of a group under common corporate control may file for Judicial Reorganization under procedural consolidation."*

**As seen in the previous lines, we are faced with an evident economic group with coordinated and joint action.**

*Therefore, it is readily apparent that this claim for Judicial Reorganization could be assigned under procedural consolidation. Therefore, it is essential that procedural acts be coordinated.*

*[...]*

*Please note, Your Honor, that all the requirements of art. 69-J are present in the case under discussion* **(existence of cross-guarantees, relationship of control or dependence, total or partial identity of corporate structure, and joint activity in the market among the claimants),** *when the relevant legislation would be the exceptional situation authorized when two minimum requirements are met.*

*[...]*

**In this case, the existence of a common direction among the companies is clear. Analyzing the documentation entered into the record, it is clear that there is already a rotation among the executive boards of the companies, which are always comprised of essentially the same individuals: Francisley Valdevino da Silva and Claudete Ribeiro Chagas.**

**There is even mutual control among them, as can be seen in the articles of association of Claimant company Interag Consultoria e Tecnologia da Informação LTDA, which is controlled by Claimant Intertradec S/A.**

*[...]*

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688.
The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 = Térreo – Cerqueira César = Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Página 6 de 31

Translation No. I-66457
Book No. 808
Page 301

**Sandra Regina Mattos Rudzit**

*TRADUTORA PÚBLICA*

**The claimants organize their activities jointly, forming a de facto economic group, which is essentially characterized by the unity of management, evidenced by the corporate bond and, above all, by its management, which is exercised by** *Francisley Valdevino da Silva.*

*Please note:*

*Rental Coins is responsible for the purchase, sale, custody, and brokerage of crypto assets. Its shareholder is Intergalaxy, owned by Mr. Francisley.*

*Interag Consultoria operates through the franchising system, licensing its products and developing the Marketplace for other companies. Its shareholder is Intergalaxy, owned by Mr. Francisley.*

*Compralo Administradora de Cartões and Compralo Intermediações are payment methods and digital wallets that enable payments, receipts, conversions, monetization, generation of payment slips, etc. We note that the activities carried out by claimants Rental and Compralo are closely linked, as the crypto assets managed by the former can be used as a payment method on the latter's platform or even converted into Brazilian Reais. Their shareholders are Intergalaxy and Mr. Francisley, respectively, and the companies Intergalaxy and Intertradec, as well as Mr. Francisley.*

*Intertradec is a crypto asset brokerage company that offers all the necessary tools for trading in virtual assets. The company offers comprehensive support for storing cryptocurrencies with ease and functionality. Its shareholders are Claudete Ribeiro Chagas Proencio and Mr. Francisley.*

*Intergalaxy operates in the information technology and business management industry, developing software. Its shareholders are Alexsandro Candido Ferreira and Mr. Francisley.*

*[...]*

**It is noted that the claimants act jointly with commingling of management unit and service providers, as well as with joint action in favor of a common interest of the group.** *Furthermore, considering the corporate purpose of the companies, we note that they include activities or complement each other, as can be seen from the bylaws and articles of association entered of record.*

*Thus, it is clear that all companies have in common an objective focused on (i) management and custody of crypto assets; (ii) IT and business management consultancy; (iii) financial management; (iv) among others.*

*So much so that practically all legal proceedings involve at least two companies undergoing reorganization, all of which have been and continue to be affected by freezing of assets and other forms of judicial constraint, such that the inclusion of only one of the companies in the Reorganization Plan would not achieve the desired practical result.*

The existence of an economic group and commingling of assets is also corroborated by the bank statements in Procedural Motions 12.25, 12.26, 12.27, 347, in which the occurrence of numerous transfers of large sums among the group companies and also in favor of the managing shareholder Mr. Francisley is verified. Please note some of these transfers:

(figure)

Legend:

58 - RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LT

CNPJ: 34.690.143/0001-94

Accounting

Trial Balance

Consolidation: Company

Grade: 5

| Account | Reduced | Description | Previous Balance | Debit |
|---|---|---|---|---|
| 1.1.02.02 | | ADVANCES | 532,375,485.21 D | |
| 1.1.02.02.0003 | 2-8 | Advance to third parties | 106,344,343.72 D | |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Página 7 de 31

Translation No. I-66457
Book No. 808
Page 302

| 1.1.02.02.0004 | 423-5 | Advance to Shareholder FRA | 450,000.00 D | |
| 1.1.02.02.0005 | 440-5 | Advance to Rafael Pegor | 5,923,904.65 D | |
| 1.1.02.02.0006 | 444-8 | Advance Cormoralo Interm Bank | 94,383,017.22 D | |
| 1.1.02.02.0007 | 453-7 | Advance DPR Serv Corporativ | 8,293,319.52 D | |
| 1.1.02.02.0008 | 454-5 | Advance Two Intergalaxy Adm | 131,653,111.97 D | |
| 1.1.02.02.0009 | 457-0 | Advance Intergalaxy Holding | 16,204,244.33 D | |
| 1.1.02.02.0010 | 458-8 | Advance Compralo adm de Car | 62,091,335.40 D | |
| 1.1.02.02.0011 | 459-6 | Advance Intergag Consultoria | 3,928,411.76 D | |
| 1.1.02.02.0012 | 460-0 | Advance Intergalaxy progr d | 2,147,984.99 D | |
| 1.1.02.02.0015 | 463-4 | Advance One Interag | 66,666.67 D | |
| 1.1.02.02.0016 | 464-2 | Advance Signature Filmes | 213,543.22 D | |
| 1.1.02.02.0017 | 619-0 | Advance Blestland Comercio | 540,000.00 D | |
| 1.1.02.02.0018 | 1307-2 | Advance Intertradec s/a | 3,016,778.87 D | |
| 1.1.02.02.0019 | 2274-8 | Advance ORPAG | 9,260,476.55 D | |
| 1.1.02.02.0020 | 2275-6 | Advance U4crypto Solucoes | 2,801,657.13 D | |
| 1.1.02.02.0021 | 2276-4 | Advance Zm Consultoria | 23,062,493.68 D | |
| 1.1.02.02.0022 | 2277-2 | Advance Batalha da Aldeia | 120,000.00 D | |
| 1.1.02.02.0023 | 2278-0 | Advance Blestcoins - claude | 3,569,000.00 D | |

INTERGALAXY HOLDINGS SA

| Accounting | **Cash Flow Statement** |
| CNPJ: 33 332 029/0001-20 | |
| Consolidation: Company | Method: Direct |

(figure)

Legend:

| Other Outflows (unlinked accounts) | |
| 1102020005 | Advance BLEST COINS ENTERPRA |
| 1102020006 | Advance to third parties |
| 1102020007 | Advance to Alan Luciano Soc Ind Advocacia |
| 1102020008 | Advance to Shareholder Francisley Valdevino da Silva |
| 1102020009 | Advance to Rafael Morais Pegorini ME |
| 1102020011 | Advance INTERAG |
| 1102020016 | Advance DESTYNATARIE |
| 1102020017 | Advance RENTAL COINS |
| 1102020021 | Advance COMPRALO INT |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br
Página 8 de 31

**Translation No. I-66457**
**Book No. 808**
**Page 303**

Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

| 1103010004 | Income Tax on recoverable investments |
|---|---|
| 1105010001 | Advance rent |
| 1202020001 | Consortium in Progress |
| Other Outflows (unlinked accounts) | |
| 1102020006 | Advance to third parties |
| 1102020008 | Advance to Shareholder Francisley Valdevino da Silva |
| 1102020009 | Advance to Rafael Morais Pegorini ME |
| 1102020011 | Advance INTERAG |
| 1102020019 | Advance ITX ADM DE BENS |
| 1106010002 | Investments |
| 1202010006 | Concept Lab Comercio de Roupas Eirelli |
| 1202010008 | High Fashion Com de Roupas e Acessorios Eirelli |
| 1202010015 | Signature Filmes Ltda. |
| 1202011011 | Publish Desenv de Soft Eirelli |
| 1202020001 | Consortium in Progress |
| Other Entries (unlinked accounts) | |
| 1102010001 | Various Clients |
| 1102020016 | Advance DESTYNATARIE |
| 2102010003 | Third-party advance |
| 2102010005 | Loans Intertradec S/A |
| 2102010009 | Third-party advances (Fund) |
| 2107010003 | Loan Shareholder - Francisley V da Silva |
| Other Outflows (unlinked accounts) | |
| 1102020006 | Advance to third parties |
| 1102020007 | Advance to Alan Luciano Soc Ind Advocacia |
| 1102020008 | Advance to Shareholder Francisley Valdevino da Silva |
| 1102020009 | Advance to Rafael Morais Pegorini ME |
| 1102020010 | Advance AUGENCY |
| 1102020015 | Advance CASHLEVE |
| 1102020016 | Advance DESTYNATARIE |
| 1102020018 | Advance SIGNATURE |
| 1102020019 | Advance ITX ADM DE BENS |
| 1102020020 | Advance INTERTRADEC |
| 1204010003 | name INTERGALAXY |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Translation No. I-66457
Book No. 808
Page 304

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

| | |
|---|---|
| 2101020002 | Contribution to the National Social-Security Institute (INSS) payable |
| 2104010008 | Tax on Services (ISS) payable |

(figure)

Legend:

56 - INTERAG CONSULTORIA E TECNOLOGIA

CNPJ: 33.317.379/0001-17

Accounting

**Trial Balance**

**Consolidation: Company**

**Grade: 5**

| Account | Reduced | Description | Previous Balance | Deb(illegible) |
|---|---|---|---|---|
| 2.1.02 | | Accounts Payable | -10,264,424.01 C | |
| 2.1.02.01 | | ADVANCE | -9,864,424.01 C | |
| 2.1.02.01.0003 | 435-9 | Advance COMPRALO INTERMEDIACAO | -1,073,253.57 C | |
| 2.1.02.01.0004 | 436-7 | Advance RENTAL COINS | -4,078,411.76 C | |
| 2.1.02.01.0005 | 464-2 | Advance INTERTRADEC | -3,050,000.00 C | |
| 2.1.02.01.0006 | 495-2 | Advance COMPRALO ADM DE CARTOES | -90,000.00 C | |
| 2.1.02.01.0007 | 496-0 | Advance INTERAG CONSULTORIA | -97,034.00 C | |
| 2.1.02.01.0008 | 497-9 | Advance ITX ADM DE BENS | -530,000.00 C | |
| 2.1.02.01.0009 | 498-7 | Advance ORBANK SOLUÇÕES | -706,224.68 C | |
| 2.1.02.01.0010 | 499-5 | Advance ORPAG | -239,500.00 C | |

(figure)

Legend:

Bradesco Logo

Statement for Reference Only

| Issued on | | Page | |
|---|---|---|---|
| **April 19, 2024** | | **34** | |
| Name | | Branch | Account |
| INTERGALAXY HOLDINGS AS | | 3131-3 | 20.500-1 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 1.00CR |
| 05/15/20 | TED-WIRE TRANSFER OF IMMEDIATELY | 6610327 | 1,500.00 |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP-  Brasil
Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br-  www.just.trd.br

Página 10 de 31

Translation No. I-66457
Book No. 808
Page 305



| | AVAILABLE FUNDS | | |
|---|---|---|---|
| | REMITTANCE TO. ISADORA POMPEO | | |
| 05/15/20 | INVEST FÁCIL REDEMPTION | 8827065 | 48,619.92 |
| 05/15/20 | BANK FEES | 0040520 | 119.92— |
| | Max Empresarial 4 | | |
| 05/15/20 | DEP. IDENT. DP05 -INT PJ | 7003131 | 50,000.00— |
| | UNICEF PSD PSFR C ACCUMULATING A | | |
| | BALANCE ON 05/15/2020 | | 1.00CR |
| 05/25/20 | INVEST FÁCIL REDEMPTION | 8827065 | 1,800.00 |
| 05/25/20 | TED DIF. TITUL. CHECKING ACCOUNT H. BANK | 9414659 | 1,800.00— |
| | BENEFICIARY EKIPCAR LTDA | | |
| | BALANCE ON 05/25/2020 | | 1.00CR |
| 05/26/20 | INVEST FÁCIL REDEMPTION | 8827065 | 5,000.00 |
| 05/26/20 | TED DIF. TITLE. CHECKING ACCOUNT H.BANK | 1827441 | 5,000.00— |
| | BENEFICIARY TIAGO LEITE NUNES | | |
| | BALANCE ON 05/26/2020 | | 1.00CR |
| 06/01/20 | INVEST FÁCIL REDEMPTION | 8827065 | 2,000.00 |
| 06/01/20 | TED DIF. TITLE. CHECKING ACCOUNT H.BANK | 9262679 | 2,000.00— |
| | BENEFICIARY CLAUDENICE CHAGAS DE | | |
| | BALANCE AS OF 06/01/2020 | | 1.00CR |
| 06/02/20 | INVEST FÁCIL REDEMPTION | 8827065 | 1,000.00 |
| 06/02/20 | TED DIF. TITUL. CHECKING ACCOUNT H. BANK | 3612576 | 1,000.00— |
| | BENEFICIARY CLAUDENICE CHAGAS DE | | |
| | BALANCE AS OF 06/02/2020 | | 1.00CR |
| 06/05/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131395 | 600,000.00 |
| | RENTAL COINS TECNOLOGIA DA INFOR | | |
| 06/05/20 | INVEST. INVEST FÁCIL | 4504255 | 600,000.00— |
| | BALANCE AS OF 06/05/2020 | | 1.00CR |
| 06/08/20 | INVEST FÁCIL REDEMPTION | 4504255 | 486,932.34 |
| 06/08/20 | INVEST FÁCIL REDEMPTION | 8827065 | 14,567.66 |
| 06/08/20 | TED DIF. TITUL. CHECKING ACCOUNT H. BANK | 4709590 | 1,500.00— |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br

Página 11 de 31



**Translation No. I-66457**
**Book No. 808**
**Page 306**

| | BENEFICIARY CLAUDENICE CHAGAS DE | | |
|---|---|---|---|
| 06/08/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131676 | 500,000.00– |
| | FRANCISLEY VALDEVINO DA SI | | 1.00CR |
| | BALANCE AS OF 08/06/2020 | | |
| 06/09/20 | TED - WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS | 8328862 | 1,500.00 |

(figure)

Legend:

Logo of Bradesco

**Statement for Reference Only**

| Issued on | | Page | |
|---|---|---|---|
| April 15, 2024 | | 01 | |
| Name | | Branch | Account |
| COMPRALO ADMINISTRATOR C. EIRELI | | 3131-3 | 20.922-8 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | BALANCE AS OF 02/19/2020 | | 0.00CR |
| 07/07/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131181 | 500.00 |
| | COMPRALO INTERMEDIAÇÃO E AGENCIA | | |
| 07/07/20 | Maintenance Fee Account | 0010420 | 54.95– |
| | CHECKING ACCOUNT MAINTENANCE FEE | 0020320 | 54.95– |
| 07/07/20 | CHECKING ACCOUNT MAINTENANCE FEE | 0040520 | 54.95– |
| | CHECKING ACCOUNT MAINTENANCE FEE | | |
| 07/07/20 | INVESTMENT INVEST FÁCIL | 5351612 | 334.15– |
| | BALANCE AS OF 07/07/2020 | | 1.00CR |
| 08/10/20 | REDEMPTION INVEST FÁCIL | 5351612 | 54.95 |
| 08/10/20 | CHECKING ACCOUNT MAINTENANCE FEE | 0030820 | 54.95– |
| | CHECKING ACCOUNT MAINTENANCE FEE | | |
| | BALANCE AS OF 08/10/2020 | | 1.00CR |
| 08/20/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131642 | 460,560.06– |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 08/20/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 1808992 | 115,000.00– |
| | SHIFT CAR VEICULOS LTDA | | |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Página 12 de 31

**Translation No. I-66457**
**Book No. 808**
**Page 307**

| | | | |
|---|---|---|---|
| 08/20/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131045 | 4,105.00– |
| | AZOO MARINE PEIXES ORNAMENTAIS L | | |
| 08/20/20 | INVESTMENT INVEST FÁCIL | 1261846 | 341,455.06– |
| | BALANCE AS OF 08/20/2020 | | 1.00CR |
| 08/21/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131134 | 345,892.75 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 08/21/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131689 | 398,600.00 |

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | | Page | |
|---|---|---|---|
| April 19, 2024 | | 49 | |
| Name | | Branch | Account |
| INTERGALAXY HOLDINGS AS | | 3131-3 | 20.500-1 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 1.00 CR |
| 06/18/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131206 | 500,000.00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 06/18/21 | REDEMPTION INVEST FÁCIL | 5716619 | 5,000.00 |
| 06/18/21 | TED DIF. TITUL. CHECKING ACCOUNT H. BANK | 9636873 | 500,000.00- |
| | BENEFICIARY Douglas Michel Pedro | | |
| 06/18/21 | PIX TRANSFER | 1748596 | 5,000.00- |
| | BENEFICIARY Sabrina Dalpra Archer | | |
| | BALANCE ON 06/18/2021 | | 1.00 CR |
| 06/21/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131431 | 200,000.00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 06/21/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING | 3131839 | 170,000.00 |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP-  Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

Página 13 de 31

Translation No. I-66457
Book No. 808
Page 308



Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

| | ACCOUNT | | |
|---|---|---|---|
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 06/21/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131959 | 300,000.00 |
| | COMPRALO ADMINISTRADORA C. EIREL | | |
| 06/21/21 | TED DIF. TITUL. CHECKING ACCOUNT H. BANK | 2437616 | 500,000.00- |
| | BENEFICIARY DPX INCORPORA ES EI | | |
| 06/21/21 | INVESTMENT INVEST FÁCIL | 9297424 | 170,000.00- |
| | BALANCE AS OF 06/21/2021 | | 1.00 CR |
| 06/22/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131359 | 500,000.00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 06/22/21 | REDEMPTION INVEST FÁCIL | 5716619 | 10.00 |
| 06/22/21 | BANK FEES | 0180621 | 9.00- |
| | TRANSF PIX PAYMENT | | |
| 06/22/21 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 4675545 | 500,000.00- |
| | BENEFICIARY DPX INCORPORA ES EI | | |
| | BALANCE AS OF 06/22/2021 | | 2.00 CR |
| 06/23/21 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131588 | 250,000.00 |
| | ITX ADMINISTRADORA DE BENS LTDA | | |
| 06/23/21 | REDEMPTION INVEST FÁCIL | 5716619 | 38,613.01 |
| 06/23/21 | REDEMPTION INVEST FÁCIL | 7358523 | 11,035.61 |

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | | |
|---|---|---|---|
| April 19, 2024 | 01 | | |
| Name | | Branch | Account |
| ITX ADMINISTRADORA DE BENS LTDA | | 3131-3 | 22.120-1 |

CHECKING ACCOUNT

| Date | History | | Document | Debit/credit/balance |
|---|---|---|---|---|

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

Translation No. I-66457
Book No. 808
Page 309



| | BALANCE AS OF 11/09/2020 | | 0.00 CR |
|---|---|---|---|
| 11/30/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131686 | 280,000.00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 11/30/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131710 | 50,000.00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| 11/30/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 1808005 | 280,000.00- |
| | SHIFT CAR VEÍCULOS EIRELI | | |
| 11/30/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 1808749 | 50,000.00- |
| | SHIFT CAR VEÍCULOS EIRELI | | |
| | BALANCE AS OF 11/30/2020 | | 0.00 CR |
| 12/02/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131783 | 200,000.00 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| | BALANCE AS OF 12/02/2020 | | 200,000.00 CR |
| 12/09/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131385 | 82,874.09 |
| | RENTAL COINS TECNOLOGIA I. LTDA | | |
| | BALANCE AS OF 12/09/2020 | | 282,874.09 CR |
| 12/28/20 | PIX TRANSFER | 1509051 | 120,000.00- |
| | BENEFICIARY: SHIFT CAR VEÍCULOS EIRELI | | |
| | BALANCE AS OF 12/28/2020 | | 162,874.09 CR |
| 12/30/20 | ELECTRON PAYMENT CHARGE | 0000001 | 4,872.09- |
| | BRADESCO AUTO/RE CIA DE SEGUROS | | |
| | BALANCE AS OF 12/30/20 | | 158,002.00 CR |
| 01/07/21 | RECEIVED DUE TO SUPPLY | 6091607 | 4,872.09 |
| | BRADESCO AUTO/RE CIA SEGUROS | | |
| | BALANCE AS OF 01/07/2021 | | 162,874.09 CR |

(figure)

Legend:

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https//oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br



**Translation No. I-66457**
**Book No. 808**
**Page 310**

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | | |
|---|---|---|---|
| April 19, 2024 | 07 | | |
| Name | | Branch | Account |
| INTERTRADEC SA | | 3131-3 | 20.502-8 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 2,404.58CR |
| | 02-INVALID BRANCH OR BENEFICIARY ACCOUNT | | |
| 03/19/20 | CASH DEPOSIT CHECKING ACCOUNT - BDN | 2788761 | 1,000.00 |
| | AG06460MAQO52788SEQ05761 | | |
| 03/19/20 | INVESTMENT INVEST FÁCIL | 9340768 | 3,403.58- |
| | BALANCE AS OF 03/19/2020 | | 1.00CR |
| 03/23/20 | INVESTMENT REDEMPTION | 7818119 | 23,287.66 |
| 03/23/20 | AUTHORIZED TRANSFER BETWEEN BRANCHES | 2655373 | 30.00 |
| | JEFFERSON TALES ANDRADE DE ARAUJ | | |
| 03/23/20 | REDEMPTION INVEST FÁCIL | 8269950 | 3,278.75 |
| 03/23/20 | REDEMPTION INVEST FÁCIL | 9340768 | 3,403.59 |
| 03/23/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131649 | 30,000.00- |
| | RENTAL COINS TECNOLOGIA DA INFOR | | |
| | BALANCE AS OF 03/23/2020 | | 1.00CR |
| 03/25/20 | INVESTMENT REDEMPTION | 7818119 | 1,010.45 |
| 03/25/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 8375195 | 1,000.00- |
| | BENEFICIARY INTERTRADEC SA | | |
| 03/25/20 | DOC/TED INTERNET | 8375195 | 10:45- |
| | TED INTERNET | | |
| | BALANCE AS OF 03/25/2020 | | 1.00CR |
| 03/26/20 | TED- ELECTRONIC TRANSF. OF IMMEDIATELY AVAILABLE FUNDS | 8845632 | 100.00 |
| | REMIT. MAICO VINICIUS MACHA | | |
| | BALANCE AS OF 03/26/2020 | | 101.00CR |
| 03/27/20 | TED- ELECTRONIC TRANSF. OF | 1221584 | 670.00 |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br
Página 16 de 31

**Translation No. I-66457**
**Book No. 808**
**Page 311**



**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

| | | | |
|---|---|---|---|
| | IMMEDIATELY AVAILABLE FUNDS | | |
| | REMIT. PAULO ROGERIO HERRMA | | |
| 03/27/20 | TED- ELECTRONIC TRANSF. OF IMMEDIATELY AVAILABLE FUNDS | 1258626 | 110.00 |
| | REMIT. RODRIGO COSTA INOCEN | | |
| 03/27/20 | INVESTMENT INVEST FÁCIL | 1478406 | 880.00- |
| | BALANCE AS OF 03/27/2020 | | 1.00CR |
| 03/31/20 | TED- ELECTRONIC TRANSF. OF IMMEDIATELY AVAILABLE FUNDS | 4856532 | 300.00 |

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | | |
|---|---|---|---|
| April 19, 2024 | 01 | | |
| Name | | Branch | Account |
| ORBANK SOLUCOES EM PAGAMENTO LTDA | | 3131-3 | 20.118-9 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | BALANCE AS OF 06/30/2020 | | 0.00CR |
| 07/06/20 | TED- ELECTRONIC TRANSF. OF IMMEDIATELY AVAILABLE FUNDS | 4591578 | 2,300,000.00 |
| | REMIT. STEVAN ADM E PART LT | | |
| | BALANCE AS OF 07/06/2020 | | 2,300,000.00CR |
| 07/07/20 | WITHDRAWAL RECEIPT | 0070601 | 2,000,000.00- |
| | ACCOUNT DEPOSIT | | |
| | BALANCE AS OF 07/07/2020 | | 300,000.00CR |
| 07/08/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131603 | 250,000.00- |
| | COMPRALE INTERMEDIAÇÃO E AGENCIA | | |
| | BALANCE AS OF 07/08/2020 | | 50,000.00CR |
| 07/09/20 | WITHDRAWAL RECEIPT FEE | 0070720 | 4.55- |
| | WITHDRAWAL WITH SEPARATE RECEIPT | | |
| | BALANCE AS OF 07/09/2020 | | 49,995.45CR |
| 07/10/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 6761580 | 25,000.00- |
| | BENEFICIARY VILARQ ARQUITETURA E | | |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

Página 17 de 31

Translation No. I-66457
Book No. 808
Page 312

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

| | | | |
|---|---|---|---|
| | BALANCE AS OF 07/10/2020 | | 24,995.45CR |
| 07/15/20 | BANK FEES | 0010720 | 86.70- |
| | Max Empresarial 1 | | |
| | BALANCE AS OF 07/15/2020 | | 24,908.75CR |
| 07/17/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131637 | 20,000.00- |
| | COMPRALO INTERMEDIAÇÃO E AGENCIA | | |
| | BALANCE AS OF 07/17/2020 | | 4,908.75CR |
| 07/22/20 | TED- ELECTRONIC TRANSF. OF IMMEDIATELY AVAILABLE FUNDS | 7118387 | 50,000.00 |
| | REMIT. DARIO GOMES FERREIRA | | |
| 07/22/20 | AUTHORIZED TRANSFER BETWEEN BRANCHES | 2841734 | 50,000.00 |
| | Cloves Roberto da Fonseca | | |
| 07/22/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131516 | 45,000.00- |
| | COMPRALO INTERMEDIACAO E A | | |
| 07/22/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 3131706 | 50,000.00- |

The theory of the existence of an economic group is also corroborated by the private instrument of temporary assignment of use of crypto assets, Procedural Motion 12.32, in which Rental was listed as the lessee and ITX as the guarantor of the transaction, as well as the numerous enforcements of instruments enforceable out of court filed against more than one company in the group, such as in case records 0002867-76.2022.8.16.0194, copy in Procedural Motion 12.36, with joint action with integration of interests being evident.

It is worth noting that the defendant companies themselves do not deny the existence of the economic group in these case records, given that they did not even file an answer, even though they were duly notified to do so, which implies the presumption of truth of the facts alleged by the plaintiff, corroborated by the evidence entered of record, which are suitable for acknowledgment of the claim made in court.

In addition to the existence of the economic group and commingling of assets, there is also evidence of losses caused to thousands of creditors, who hope to be satisfied in the bankruptcy of Rental Coins, which relates to significant liabilities in the amount of approximately three hundred and twenty-three million, five hundred and seventy-two thousand, eight hundred and three *Reais* and ten cents (R$323,572,803.10), as accounted for solely based on the value of the lawsuits filed against the group, in view of actions perpetrated by the defendants in collusion with the Bankruptcy Company.

In fact, even though all defendants are part of the same economic group, curiously the Bankruptcy Company and the defendants Interag Consultoria, Compralo Intermediação, Intertradec, Interag Administradora de Fundos, Compralo Administradora, Intergalaxy Holdings and Rentex Exchange, when filing the action for provisional relief, purposely failed to include the company ITX, aiming to frustrate the collection of assets, which are mostly in the name of this company, such as: aircraft, four vessels, luxury vehicles, mansions, as can be extracted from the aeronautical registry, Procedural Motion 12.33, by searching via Renajud, Procedural Motion 12.35, and registrations from Procedural Motions 12.46 to 12.50.

Even the aforementioned existence of assets in the name of ITX is also easily verifiable by the numerous

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code is at https://oab.portaldeassinaturas.com.br443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

Translation No. I-66457
Book No. 808
Page 313



third-party injunctions and refunds filed in this court, such as case records No. 0008420-97.2023.8.16.0185, 0002877-79.2024.8.16.0185, 0014493-24.2024.8.16.0194.

Furthermore, as already reiterated in these case records, it is undeniable that there is a large number of ongoing proceedings in which the company's assets are being seized and auctioned, to the detriment of the bankruptcy and the par conditio creditorum, harming those creditors who have already begun to submit their proofs of claim in the bankruptcy proceedings.

Therefore, the emptying of the Bankrupt Company, the creation of new companies linked to the bankrupt's line of business, combined with the non-payment in full of the bankrupt's debts, can be considered fraud against creditors, leaving no doubt as to the need to extend the bankruptcy.

Therefore, given the strong evidence presented, the commingling of assets among the companies is visible, thus justifying the extension of the effects of the bankruptcy of the company Rental Coins Tecnologia da Informação Ltda. to the companies Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Orprass Ltda., and Orbank Soluções em Pagamento Ltda.

## Piercing of Corporate Veil

Piercing of Corporate Veil is defined as *"the episodic, momentary, and exceptional withdrawal of the autonomy of assets of the legal entity, in order to extend the effects of its obligations to the person of its shareholders or managers, with the aim of preventing deviation of the function of the legal entity, perpetrated by them."* **[4].**

This institute, in the case of Bankrupt Companies, aims to bring *"the debtor's assets to account for the debts of the bankruptcy estate [5]"*.

On this topic, we highlight what was stated by reporting Appellate Judge Paulo Pastore Filho in the decision of Interlocutory Appeal No. 366.267-4/2-00 of the Court of Appeals of the State of São Paulo:

*"The piercing of corporate veil of the shareholders who exercised the management of the Bankruptcy Company is not an act in itself, but corresponds* **to the addition of their assets to the bankruptcy estate, for payment to the creditors***"*.

Piercing of Corporate Veil is provided for in article 82-A, sole paragraph of the LFRJ:

*Art. 82-A. The extension of bankruptcy or its effects, in whole or in part, to limited-liability shareholders, controlling shareholders, and shareholders of the Bankruptcy Company is prohibited, although the piercing of corporate veil is permitted.*

*Sole Paragraph.* **The piercing of the corporate veil of the Bankrupt Company, for the purpose of holding third parties, groups, shareholders, or managers liable for its obligations, may only be decreed by the bankruptcy court in compliance with art. 50 of Law No. 10.406 of January 10, 2002 (Civil Code) and arts. 133, 134, 135, 136, and 137 of Law No. 13.105 of March 16, 2015 (Code of Civil Procedure), without imposing the stay referred to in art. 134, paragraph 3 of Law No. 13.105 of March 16, 2015 (Code of Civil Procedure).**

It should be noted that the article set out above refers application of the piercing of corporate veil to the provisions set out in the Civil Code and the Code of Civil Procedure.

Therefore, in order for the piercing of corporate veil to be granted, it is necessary to comply with the requirements set out in article 50 of the Civil Code (CC):

*Art. 50.* **In the event of abuse of legal personality, characterized by misuse of purpose or commingling of assets,** *the judge may, at the request of the party, or of the Public Prosecutor's Office when it is appropriate to intervene in the proceedings, disregard it so that the effects of certain and specific relationships of obligations are extended to the private assets of managers or shareholders of the legal entity who benefit directly or indirectly from the abuse. (As amended by Law No. 13.874 of 2019)*

About the topic:

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08-RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP-  Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br

Página 19 de 31

Translation No. I-66457
Book No. 808
Page 314

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

*In certain microsystems, the minor theory may even be admitted, which is content with simple default, but in general proceedings such as bankruptcy,* **one can only consider the piercing of corporate veil based on the major theory, which will require the fulfillment of the assumptions of art. 50 of the Civil Code.** *This conclusion is reinforced by art. 6- C of Law No. 11.101/2005, which states that "the attribution of liability to third parties due to the mere non-fulfillment of obligations by the bankrupt debtor or debtor undergoing judicial reorganization is prohibited", ruling out simple non-fulfillment as grounds for the piercing of corporate veil* **[6].**

In view of the above, we conclude that there will be piercing of corporate veil only when there is a misuse of purpose or commingling of assets.

By misuse of purpose we mean "the use of the legal entity for the purpose of harming creditors and for the practice of unlawful acts of any nature" (art. 50, paragraph 1 of the Civil Code).

It is a deliberate, malicious act to harm third parties[7].

Commingling of assets arises from the "lack of *de facto* separation between assets" (art. 50, paragraph 2 of the Civil Code).

About the topic:

*"Commingling of assets, which is the most common cause of action, affects internal elements of the company and occurs when there is a mixture of assets that, after the commingling, can no longer have their ownership identified without a great expenditure of time and resources. It can take numerous forms, such as the free distribution of nonexistent profits and losses; the mere diversion of company assets in favor of shareholders without due consideration, whether they are individuals or companies in the same group; and many other facts that reflect the economic unity, despite the legal plurality. This cause is sufficient and does not need to be combined with any other, being sufficient for the piercing of corporate veil"* **[8].**

The Civil Code provides examples of commingling of assets: repetitive fulfillment by the company of obligations of the shareholder or manager or vice versa; transfer of assets or liabilities without effective consideration, except those of proportionally insignificant value; and other acts of non-compliance with the autonomy of assets.

Furthermore, regarding compliance with article 134, paragraph 4 of the CPC and 50 of the Civil Code, although it is not a prerequisite for institution of the incident of piercing of corporate veil, proof of insolvency[9] (art.82 of the LFRJ), with the exhaustion of the executive route, is necessary to prove the practice aimed at the deviation of purpose or commingling of assets[10].

In this regard:

*INTERLOCUTORY APPEAL - INCIDENT MOTION OF PIERCING OF CORPORATE VEIL DENIED - APPEAL BY THE CLAIMANT CREDITOR - ALLEGATION OF IRREGULAR DISSOLUTION AND INSOLVENCY OF THE DEBTOR - SITUATION THAT DOES NOT SERVE AS GROUNDS, PER SE, FOR THE PIERCING OF CORPORATE VEIL - ART. 50, CIVIL CODE REQUIRES EVIDENCE OF ABUSE OF LEGAL PERSONALITY BY EVIDENCE OF COMMINGLING OF ASSETS OR MISUSE OF PURPOSE - EVENTS NOT PROVEN IN THE CASE UNDER EXAMINATION - DECISION UPHELD. 1. The claim for piercing of corporate veil, according to the major theory, requires evidence of abuse of personality due to commingling of assets or misuse of purpose (art. 50 of the Civil Code). 2. In this case, there is no evidence that the company's assets were dissipated for the benefit of the shareholder's assets or that there was a misuse of purpose, which prevents the granting of the claim to pierce the corporate veil. APPEAL HEARD AND NOT GRANTED. (TJPR - 12th Civil Chamber - 0002050-12.2022.8.16.0000 - Marechal Cândido Rondon – Reporting Appellate Judge: APPELLATE JUDGE ROSANA AMARA GIRARDI FACHIN - Trial date 06/27/2022)*

In the present case, the requirements for piercing the corporate veil are met only in relation to Mr. Francisley Valdevino da Silva. I explain.

As already noted in the previous item, based on the articles of association and amendments entered of record in Procedural Motions 12 and 30, it can be seen that Mr. Franscisley is a shareholder, and if not a shareholder, one of his managers, and is a manager/officer not only of the Bankruptcy Company but also of the defendant companies, in addition to residing at Rua Deputado Heitor Alencar Furtado, No.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br                                                 Página 20 de 31

Translation No. I-66457
Book No. 808
Page 315



3350, 13th floor, which address corresponds to the principal place of business of the defendant companies:

*6th AMENDMENT TO THE ARTICLES OF ASSOCIATION OF RENTAL COINS TECNOLOGIA DA INFORMAÇÃO LTDA.*

*CNPJ 34.690.143/0001-94*

*NIRE No.: 41209128406*

*Article Seven -* **The company shall be managed by the manager/shareholder FRANCISLEY VALDEVINO DA SILVA,** *with the powers and duties to represent the company as plaintiff or defendant, in and out of court, being able to perform all acts included in the corporate purpose, always in the interest of the company, and he is authorized to use the company name, but is prohibited from using it in activities unrelated to the company's interest or from assuming obligations in favor of any of the shareholders or third parties, as well from encumbering or disposing of real estate of the company without authorization of the other shareholder(s).*

*4th AMENDMENT TO THE ARTICLES OF ASSOCIATION OF ITX ADMINISTRADORA DE BENS LTDA*

*CNPJ 36.057.668/0001-12*

*NIRE No. 41209250881*

*ARTICLE VI - MANAGEMENT (ART.997, Vi; 1.064, CC)* **The company shall be managed by shareholder FRANCISLEY VALDEVINO DA SILVA,** *who will legally represent the company and may perform any and all management acts pertinent to the corporate purpose.*

*INTERTRADEC SA*

*CNPJ 31.946.272/0001-02*

*NIRE (Principal place of business) 41300300721*

**Executive Board /End of Term of Office/Position/Name/CPF - Name of person: FRANCISLEY VALDEVINO DA SILVA**

*5th AMENDMENT TO THE ARTICLES OF ASSOCIATION OF INTERAG CONSULTORIA E TECNOLOGIA DA INFORMAÇÃO LTDA*

*CNPJ 33.317.379/0001-17*

*NIRE No.: 41209*

**Article seven - The company shall be managed by the manager/shareholder FRANCISLEY VALDEVINO DA SILVA,** *with the powers and duties to represent the company as plaintiff or defendant, in and out of court, being able to perform all acts included in the corporate purpose, always in the interest of the company, and he is authorized to use the company name, but is prohibited from using it in activities unrelated to the company's interest or from assuming obligations in favor of any of the shareholders or third parties, as well from encumbering or disposing of real estate of the company without authorization of the other shareholder(s).*

*ARTICLES OF ASSOCIATION FOR THE ORGANIZATION OF THE LIMITED-LIABILITY BUSINESS COMPANY INTERAG ADMINISTRAÇÃO DE FUNDOS LTDA.*

*ARTICLE VI - MANAGEMENT (ART. 997, VI; 1.013, 1.015; 1.064, CC)* **The company shall be managed INDIVIDUALLY by the non-shareholder FRANCISLEY VALDEVINO DA SILVA,** *BRAZILIAN CITIZEN, SINGLE, BUSINESSMAN, born in the city of Registro - SP, date of birth 07/27/1985, holder of the National Driver's License (CNH): No. 05056564472, issued by SSP/PR on 07/27/2016 and CPF: No. 362.089.558-90, resident and domiciled in the city of Curitiba - PR, at RUA DEPUTADO HEITOR ALENCAR FURTADO, No. 3350, SUITE 1001, 10TH FLOOR, COND OPUS ONE ECOVILLE, CAMPO COMPRIDO, POSTAL CODE (CEP): 81200-528, which will be part of the management, with the powers and duties to represent the company as plaintiff and defendant, in or out of court, being able to perform all acts included in the corporate purpose, always in the interest of the company, and he is authorized to use the company name, but is prohibited from using it in activities unrelated to the company's interest, being able to sign any*

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Página 21 de 31

Translation No. I-66457
Book No. 808
Page 316

Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

*documents by mutual agreement before all public bodies, take out loans in banking establishments.*

*5th AMENDMENT TO THE ARTICLES OF ASSOCIATION OF COMPRALO INTERMEDIAÇÃO E AGENCIAMENTO DE SERVIÇOS LTDA*

*CNPJ: 33.496.327/0001-55*

*NIRE No.: 4209037524*

*Article Two -* **The manager and representative of the company shall now be non-shareholder FRANCISLEY VALDEVINO DA SILVA,** *BRAZILIAN citizen, BUSINESSMAN, born in Registro - SP, single, born on 07/27/1985, CPF number 362.089.558-90, identity CARD 45.459.083-0, SSP, SP, resident at RUA Agostinho Ângelo Trevisan, No. 582, Ap B, Uberaba district, CURITIBA - PARANÁ, Postal Code (CEP) 81.560-280.*

*ARTICLES OF ORGANIZATION OF THE INDIVIDUAL LIMITED-LIABILITY COMPANY - EIRELI - COMPRALO ADMINISTRADORA DE CARTÕES*

*ARTICLE VI - MANAGEMENT(ART. 997, VI, CC)*

**The management shall be carried out by the owner FRANCISLEY VALDEVINO DA SILVA,** *who will legally represent the company and may perform any and all management acts relevant to the purpose.*

*INTERGALAXY HOLDINGS SA*

**Executive Board /End of Term of Office/Position/Name/CPF - Name of person: FRANCISLEY VALDEVINO DA SILVA**

*1 AMENDMENT TO THE ARTICLES OF ASSOCIATION OF RENTEX EXCHANGE LTDA.*

*CNPJ 44.683.876/0001-55*

*NIRE 41210459348*

*ARTICLE VI - MANAGEMENT (ART. 997, VI; 1.013, 1.015; 1.064, CC)* **The management of the company will be exercised INDIVIDUALLY and/or JOINTLY by the non-shareholder FRANCISLEY VALDEVINO DA SILVA,** *BRAZILIAN CITIZEN, SINGLE, BUSINESSMAN, born on 07/27/1985, CPF number 362.089.558-90, resident and domiciled in the city of Curitiba - PR, at RUA DEPUTADO HEITOR ALENCAR FURTADO, No. 3350, FLOOR 10 SUITE 1001, CAMPO COMPRIDO, POSTAL CODE (cep): 81200-528, who will be part of the management, with the powers and attributions to represent the company as plaintiff and defendant, in or out of court, being able to perform all acts included in the corporate purpose, and he may use the company name, always in the interest of the company, but is prohibited from using it in activities unrelated to the company's interest, being able to sign any documents by mutual agreement before all public bodies, take out loans in banking establishments.*

*ORPASS LTDA.*

*CNPJ: 43.367.328/0001-53*

**Name/Corporate Name: FRANCISLEY VALDEVINO DA SILVA**

**Identification: 49-Managing Shareholder**

*ORBANK SOLUCOES EM PAGAMENTO LTDA.*

*CNPJ: 37.523.337/0001-93*

**Name/Company Name: FRANCISLEY VALDEVINO DA SILVA**

**Identification: 49-Managing Shareholder**

It is therefore clear that Mr. Francisley Valdevino da Silva appears either as a representative or as part of the corporate structure of the aforementioned legal entities, which are controlled and/or managed by him.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

**Translation No. I-66457**
**Book No. 808**
**Page 317**

*Sandra Regina Mattos Rudzit*
TRADUTORA PÚBLICA

However, it is also clear that Mr. Francisley has 91 CNPJs in his name, as can be seen from the search carried out by the Judicial Administrator at the Commercial Registry of the State of Paraná (JUCEPAR), Procedural Motion 12.28.

In relation to the defendant companies, it appears that they were managed by Francisley in such a way as to give rise to commingling of assets and abuse of personality, as already explained in the previous item, as well as by the bank statements in Procedural Motion 347, which demonstrate deposits of amounts operated in his favor, whether originating from Compralo, ITX, etc.

We note some of these transfers:

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | | Page | |
|---|---|---|---|
| April 19, 2024 | | 65 | |
| Name | | Branch | Account |
| COMPRALO ADMINISTRADORA C. EIREL I | | 3131-3 | 20.922-8 |

CHECKING ACCOUNT

| Date | History | | Document | Debit /credit/ balance |
|---|---|---|---|---|
| | TRANSPORT | | | 696,089.33 CR |
| 12/21/20 | WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS (TED) TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY KBL Serviços de Apoi | | 6221455 | 13.120.01- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY Barbara Coelho Veiga | | 6385818 | 7,000.00- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY B DeMS Guimaraes | | 6388190 | 11,950.00- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY FLAVIO | | 6647248 | 672.58- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY Felipe Pinheiro de A | | 6785313 | 2,550.00- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK<br>BENEFICIARY Simone Albertina Ven | | 6812009 | 25,000.00- |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD | | 6821986 | 62,500.00- |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo – SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www. just.trd.br
Página 23 de 31

Translation No. I-66457
Book No. 808
Page 318



**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

| | BY A DIFFERENT HOLDER H. BANK | | |
|---|---|---|---|
| | BENEFICIARY CLAUDENICE CHAGAS | | |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 6843078 | 100,740.00- |
| | BENEFICIARY BLESTCOINS | | |
| 12/21/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 6851794 | 100,000.00- |
| | BENEFICIARY FRANCISLEY VALDEVINO | | |

Logo of Bradesco

Statement for Reference Only

| Issued on | | Page | |
|---|---|---|---|
| April 19, 2024 | | 118 | |
| Name | | Branch | Account |
| COMPRALO INTERMEDIAÇÃO A. S. LTDA | | 3131-3 | 20.504-4 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 1.00CR |
| 07/30/20 | TED- WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS | 1119499 | 255,000.00 |
| | SENDER RENTAL COINS TECHNOLOGY | | |
| 07/30/20 | TED- WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS | 1150102 | 50,500.00 |
| | SENDER ANDRE LUIS DE ALMEID | | |
| 07/30/20 | TED- WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS | 9889955 | 40,000.00 |
| | SENDER ORGANIZACAO JEHOVA NI | | |
| 07/30/20 | TRANSFER FROM CHECKING ACCOUNT TO LEGAL ENTITY CHECKING ACCOUNT | 2222279 | 200,000.00 |
| | ACADEMIA BE HAPPY LTDA EPP | | |
| 07/30/20 | TED RETURNED | 9805371 | 500.00 |
| | 03- DIFFERENT. CPF/CNPJ BENEFICIARY | | |
| 07/30/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 1004319 | 25,000.00- |
| | BENEFICIARY FRANCISLEY VALDEVINO | | |

Logo of Bradesco

Statement for Reference Only

| Issued on | Page |
|---|---|

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code is F268-DD70-62FB-56B3 and can be verified at https://oab.portaldeassinaturas.com.br/443

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 ~ Térreo ~ Cerqueira César ~ Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Translation No. I-66457
Book No. 808
Page 319



| 04/19/2024 | | 102 | |
|---|---|---|---|
| Name | | Branch | Account |
| INTERGALAXY HOLDINGS AS | | 3131-3 | 20.500-1 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 1.00CR |
| | BALANCE AS OF 08/12/2021 | | 1.00CR |
| 08/13/21 | REDEMPTION INVEST FÁCIL | 0746878 | 200,174.00 |
| 08/13/21 | REDEMPTION INVEST FÁCIL | 8888818 | 135,395.82 |
| 08/13/21 | REDEMPTION INVEST FÁCIL | 9694770 | 196,705.91 |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000244 | 745.00- |
| | ITX PAYMENT SLIP | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000245 | 745.00- |
| | ITX PAYMENT SLIP | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000246 | 745.00- |
| | ITX PAYMENT SLIP | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000247 | 745.00- |
| | ITX PAYMENT SLIP | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000248 | 745.00- |
| | ITX PAYMENT SLIP | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000249 | 2,100.00- |
| | BRAVE | | |
| 08/13/21 | PAYMENT ELET RON COLLECTION | 0000250 | 21,406.02- |
| | PAYMENT SLIP | | |
| 08/13/21 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 3952212 | 125,000.00- |
| | BENEFICIARY ALESSANDRA BACH | | |
| 08/13/21 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 3960579 | 250,000.00- |
| | BENEFICIARY FRANCISLEY | | |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code is F268-DD70-62FB-56B3 is F443 at https://oab.portaldeassinaturas.com.br/

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP-  Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

**Translation No. I-66457**
**Book No. 808**
**Page 320**

*Sandra Regina Mattos Rudzit*

TRADUTORA PÚBLICA

| | VALDEVINO | | |
|---|---|---|---|

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | |
|---|---|---|
| April 19, 2024 | 23 | |
| Name | Branch | Account |
| INTERTRADEC SA | 3131-3 | 20.502-8 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 100,021.90CR |
| 09/23/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H.BANK | 6849380 | 50,000.00- |
| | BENEFICIARY INTERCORE | | |
| 09/23/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H.BANK | 6888827 | 50,000.00- |
| | BENEFICIARY FRANCISLEY VALDEVINO | | |

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | |
|---|---|---|
| April 19, 2024 | 38 | |
| Name | Branch | Account |
| ORBANK SOLUÇÕES EM PAGAMENTO LTDA | 3131-3 | 20.118-9 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|---|---|---|---|
| | TRANSPORT | | 41,822.53CR |
| | FRANCISLEY VALDEVINO DA SI | | |

(figure)

Legend:

Logo of Bradesco

Statement for Reference Only

| Issued on | Page | |
|---|---|---|
| April 19, 2024 | 08 | |

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

Translation No. I-66457
Book No. 808
Page 321

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

| Name | Branch | Account |
|------|--------|---------|
| RENTAL COINS TECNOLOGIA I LTDA | 3131-3 | 20.774-8 |

CHECKING ACCOUNT

| Date | History | Document | Debit/credit/balance |
|------|---------|----------|----------------------|
| | TRANSPORT | | 1.00CR |
| 02/18/20 | TED- WIRE TRANSFER OF IMMEDIATELY AVAILABLE FUNDS | 6438363 | 1,175.90 |
| | SENDER BY EGO CAZANGI MAIA | | |
| 02/18/20 | TED RETURNED* | 5502736 | 1,000.00 |
| | 02- INVALID BENEFICIARY BRANCH OF ACCOUNT | | |
| 02/18/20 | REDEMPTION INVEST FÁCIL | 8119410 | 535,407.84 |
| 02/18/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 6292860 | 1,000.00- |
| | BENEFICIARY Rafael Douglas Pauli | | |
| 02/18/20 | TED TO CHECKING ACCOUNT HELD BY A DIFFERENT HOLDER H. BANK | 6773782 | 200,000.00- |
| | BENEFICIARY FRANCISLEY VALDEVINO | | |

We further note that the criminal frauds perpetrated through the companies managed by Mr. Francisley Valdevino da Silva, a.k.a. the Bitcoin Sheik, were duly listed and demonstrated in Police Investigation IPL No. 2022.0014433.

The aforementioned Police Investigation was instituted by the Federal Police to investigate the commission, in theory and in principle, of the crimes described in Art. 7, II - Law 7.492/1986, - Crimes against the Brazilian Financial System, Art. 2, IX - Law 1.521/1952 - Crimes against the public interest, Art. 2 - Law 12.850/2013 - Defines criminal organization and provides for criminal investigation and other measures, Art. 171 - Decree Law 2.848/1940 - Criminal Code, and Art. 1 - Law 9.613/1998 - Money Laundering.

The investigation was instituted at the request of the U.S. Homeland Security Investigations - HSI, received by the Federal Police through Interpol, containing information that the company FORCOUNT and the Brazilian citizen FRANCISLEY VALDEVINO DA SILVA were being investigated by the El Dorado Task Force, of HSI New York, for involvement in a money laundering conspiracy, based on a cryptocurrency investment pyramid scheme.

The investigations carried out by the Federal Police culminated in Operation Poyais, launched on 10/06/2022 in this city of Curitiba, when Federal Police agents carried out search and seizure warrants issued by the 23rd Federal Court of Curitiba, with the purpose of deepening the investigations that point to the existence of a fraudulent scheme that would have moved almost four billion *Reais* (R$4 billion) in Brazil.

These facts are not only recorded in the case records being processed at the 23rd Federal Court of Curitiba, which are being processed under seal, but are also widely known to the press[11].

On November 3, 2022, Mr. Francisley Valdevino da Silva was preventively arrested for failing to comply

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br



Translation No. I-66457
Book No. 808
Page 322

with a provisional remedy that prohibited the continuation of his management in the companies.

Notwithstanding the above, there was repeated inertia by Mr. Francisley Valdevino da Silva, who did not appear in the proceedings and did not file responses, and even claimed in the bankruptcy proceedings that he did not have access to the bank accounts of all the companies listed in the case records, which once again demonstrates his maneuvers to conceal not only his assets but also those of the defendant companies.

It is also worth reiterating the other attempt to conceal assets, through the action for a provisional remedy, which, as explained above, purposely failed to include the company ITX, which holds the majority of the economic group's assets.

In view of the above, as the maneuvers perpetrated by shareholder Mr. Francisley Valdevino da Silva with the aim of harming creditors and shielding his assets have been demonstrated, as well as the commingling of assets between the companies and the shareholder, the claim for piercing of corporate veil against him must be granted.

On the other hand, regarding the claim for piercing the corporate veil against Rauny Pero Ribeiro Chagas Proêncio, it should not be granted.

In fact, according to the understanding established by the STJ, *"the effects of piercing the corporate veil only reach the shareholders who participated in the wrongful conduct or who benefited therefrom, even if they are the majority or controlling shareholder".* **[12]**

In the present case, the mere fact that Mr. Rauny Pero Ribeiro Chagas Proêncio was at some point a shareholder of ITX does not characterize, per se, any wrongful conduct on his part, and no concealment of assets has been proven in the case, but merely stated generically by the Judicial Administrator.

Furthermore, the civil and criminal spheres are independent, and the defendant may be held liable under the civil law for the practice of an act for which, in the criminal sphere, he was acquitted due to lack of evidence that he contributed to the legal infraction, under the terms of article 935 of the Civil Code, and therefore the criminal conviction of Rauny Pero Ribeiro Chagas Proêncio does not serve the purpose of authorizing the piercing of corporate veil.

In that regard:

*INTERNAL INTERLOCUTORY APPEAL. SPECIAL APPEAL. ACTION FOR COMPENSATION. TRAFFIC ACCIDENT. ART. 935 OF THE CIVIL CODE. RELATIVE INDEPENDENCE BETWEEN INSTANCES. CRIMINAL JUDGMENT DOES NOT BIND THE CIVIL COURT. PRECEDENTS. SUMMARY 568 OF THE SUPERIOR COURT OF JUSTICE. REVIEW OF THE CONCLUSIONS ADOPTED IN THE APPEALED JUDGMENT REGARDING THE DRIVER'S FAULT. IMPOSSIBILITY. PRECEDENT 7 OF THE SUPERIOR COURT OF JUSTICE. DECISION UPHELD. APPEAL DENIED.*

*1. **Under the case law of this Court, civil liability is independent of criminal liability** and does not interfere with the progress of the action for compensation for damages that is being processed in the civil court, in the event of an acquittal by a criminal judgment that does not refute the authorship or the existence of the fact. Precedents. Precedent 568 of the STJ. 2. It is not admissible, in a special appeal, to reexamine the facts and evidence of the case (Precedent No. 7/STJ). 3. Internal interlocutory appeal denied." (AgInt in REsp No. 1.897.830/RS, reporting Justice Nome, Fourth Panel, trial date 09/19/2022, published in the DJe on 09/26/2022).*

*APPEAL. SEXUAL HARASSMENT. ACTION FOR DAMAGES. Allegation that the defendant began addressing the plaintiff with offensive and sexually explicit language. Claim granted, ordering the defendant to pay compensation for moral damages in the amount of R$12,000.00. Appeal by the Defendant. CIVIL LIABILITY. RELATIVE INDEPENDENCE BETWEEN INSTANCES. **Understanding of Article 935 of the Civil Code. The civil and criminal spheres are independent, and the defendant may be held liable under the civil law for an act for which, in the criminal sphere, he was acquitted due to lack of evidence of having contributed to the violation of the law.** A plea bargain does not preclude, per se, a claim for moral damages. MORAL DAMAGES. Acknowledged. The use of vulgar and sexist expressions to offend women is*

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Comercial e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br - www.just.trd.br

Página 28 de 31

Translation No. I-66457
Book No. 808
Page 323



*unacceptable, considering the profound and negative impact on the dignity and well-being of victims. The defendant's conduct, in using disrespectful and derogatory language, constitutes a violation of the principles of equality and respect, resulting in significant moral damage. The defendant's behavior is contrary to the values of human dignity and gender equality, making the imposition of corrective and reparatory measures essential. Judgment upheld. Appeal denied.*

*(TJ-SP - Civil Appeal: 10065107120228260606 Suzano, Reporting Appellate Judge: Vitor Frederico Kümpel, Trial Date: 09/06/2024, 4th Private Law Chamber, Publication Date: 09/06/2024)*

Therefore, I deny the request to disregard the personality of Mr. Rauny Pero Ribeiro Chagas Proêncio.

## III - CONCLUSION OF JUDGMENT:

In view of the above, **I partially grant the claim,** dismissing the case with prejudice, which I do based on articles 133, 134, 135, 136, 137, and 487, item I of the CPC, article 50 of the CC, and article 82-A of the LFRJ, in order to determine: i) the extent of the effects of the bankruptcy of the company Rental Coins Tecnologia da Informação Ltda. to the companies Interag Consultoria e Tecnologia da Informação Ltda., Interag Administração de Fundos Ltda., Compralo Administradora de Cartões Eireli, Compralo Intermediação e Agenciamento de Serviços Ltda., Intergalaxy Holdings S.A, Intertradec S.A, Rentex Exchange Ltda., ITX Administração de Bens Ltda., Orprass Ltda., and Orbank Soluções em Pagamento Ltda.; ii) the piercing of corporate veil of the defendant companies against shareholder Francisley Valdevino da Silva.

Due to the loss of suit, I order the defendant to pay court costs, procedural expenses, and attorneys' fees, which, taking into account the professional's level of diligence, the place where the service is provided, the nature and importance of the case, the work performed by the attorneys, and the time required to perform the service, are fixed at ten percent (10%) of the adjusted amount in controversy, all in accordance with the provisions of article 85, paragraph 2, items I to IV of the Code of Civil Procedure[13].

Publish. Register. Notify. Notify the Public Prosecutor's Office.

After this decision becomes final and unappealable, observing the legal formalities, and after making the write-offs of assignment measures, the case shall be shelved.

Curitiba, April 29, 2025

**Luciane Pereira Ramos**

**Judge**

[1] CIVIL APPEAL - ORDINARY ACTION - SERVICE OF PROCESS - REQUEST FOR WITHDRAWAL - ABSENCE OF ANSWER - NON-CONSOLIDATION OF THE PROCEDURAL RELATIONSHIP - ATTORNEYS' FEES - NOT DUE - PRINCIPLES OF LOSS OF SUIT AND CAUSATION - APPEAL DENIED. 1. **Attorneys' fees are governed by the principles of loss of suit and causation. 2. If the Plaintiff files the request for withdrawal before the consolidation of the procedural relationship, considering the absence of an answer, there is no reason to award attorneys' fees.** Appeal denied.

(TJ-MT 10162467020208110002 MT, Reporting Appellate Judge: MARIA EROTIDES KNEIP BARANJAK, Trial Date: 06/21/2021, First Chamber of Public and Collective Law, Publication Date: 06/26/2021)

[2] INTERLOCUTORY APPEAL. BANKRUPTCY. APPEAL AGAINST THE DECISION THAT ADJUDICATED THE COMPANY BRH SULFLEX INDÚSTRIA DE ARTEFATOS DE BORRACHA LTDA. BANKRUPT, EXTENDING THE EFFECTS TO THE COMPANY HDF COMPONENTES HIDRÁULICOS LTDA. ME, NOW APPELLANT. 1) Allegation of lack of minimum elements to recognize the existence of an economic group. Matter previously decided and not subject to appeal. The appealed decision merely reiterated the previous judgment for purposes of determining the extension of the effects of the bankruptcy to companies in the same economic group. Impossibility of renewing the debate, ex vi Article 507 of the CPC. Preliminary argument claimed in the

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688.
The verification code at https://on.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br

Página 29 de 31



Translation No. I-66457
Book No. 808
Page 324

appellee's brief granted. 2) **Theory of impossibility of extending the effects of the bankruptcy to reach the assets of third parties associated with the Bankruptcy Company's economic group. Denial. Measure admitted by case law, and the decision may be issued in the bankruptcy proceedings themselves, regardless of the institution of separate proceedings.** Prior acknowledgment of the occurrence of commingling of assets and economic group that allows the extension in the form determined at the origin, due to fulfillment of the requirements of Article 50 of the CCB. **No violation of Article 82-A, head paragraph and sole paragraph, of the Bankruptcy Law.** Possible dissatisfaction with previous decisions and procedural error that should have been argued at the appropriate time, making it unacceptable that the Appellant, aware of the decision recognizing the formation of an economic group, remained silent, only to later make use of the nullity hidden in its pocket, in violation of objective good faith, by force of which litigants are required to proceed with loyalty. The appealed decision is upheld. APPEAL PARTIALLY HEARD AND DENIED.

(TJ-PR 0040018-42.2023.8.16.0000 Curitiba, Reporting Appellate Judge: Luiz Henrique Miranda, Trial Date: 10/04/2023, 18th Civil Chamber, Publication Date: 10/04/2023)

[3] Bezerra Filho, Manoel Justino. Lei de recuperação de empresas e falência [electronic book]: Law 11.101/2005: comentada artigo por artigo. 8th ed. São Paulo: Thomson Reuters Brazil, 2025. Ebook [sp]

[4] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10th ed. São Paulo: SaraivaJur, 2025. Ebook [s. p]

[5] COSTA, Daniel Carnio; Melo, Alexandre Correa Nasser de. Comentários à lei de falência de recuperação e falência: 11.101. de 09 de fevereiro de 2005. Curitiba: Juruá, 2021. p.215.

[6] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10th ed. São Paulo: SaraivaJur, 2022. Ebook [s. p]

[7] TOMAZETTE, Marlon. Curso de direito empresarial: Falência e recuperação de empresas. Volume 3. 10th ed. São Paulo: SaraivaJur, 2022. Ebook [s. p]

[8] ALMEIDA, Arthur Cassemiro Moura de...[et.al.]; Lei de recuperação e falência: pontos relevantes e controversos da reforma. Indaiatuba, SP: Editora Foco, 2021. p.48.

[9] The non-existence or non-location of assets of the legal entity is not a condition for institution of the procedure that aims at the piercing of corporate veil, as it is not even a requirement for that declaration, as specific demonstration of the objective practice of misuse of purpose or commingling of assets is essential. (Special Appeal No. 1.729.554 - SP)

[10] "Obviously, admission of the institute of piercing of corporate veil must be considered based on strict observance of the adversarial system and opportunity to be heard, requiring robust and undisputed evidence of the commission of wrongful act by the business agent." (Câmara Brasileira do Livro, SP, Brazil) Reforma da lei de falências [electronic book]: reflexões sobre direito recuperacional, falimentar e empresarial moderno 1st ed. -- São Paulo: Thomson Reuters Brasil, 2021.

[11] https://oglobo.globo.com/brasil/noticia/2022/10/sheik-dos-bitcoins-e-alvo-de-operacao-da-pf.ghtml

https://jornalistaslivres.org/pf-faz-operacao-contra-sheik-dos-bitcoins/

https://www.infomoney.com.br/mercados/pf-mira-sheik-das-criptomoedas-em-nova-operacao-esquema-movimentou-r-4-bi-no-brasil-e-no-exterior/

https://portaldobitcoin.uol.com.br/pf-prende-acusado-de-criar-piramide-com-criptomoedas-que-movimentou-r-4-bilhoes-no-brasil-e-nos-eua/

https://economia.uol.com.br/noticias/redacao/2022/10/06/operacao-sheik-dos-biticoins.htm

https://cbncuritiba.com.br/materias/quadrilha-investigada-por-fraudes-bilionarias-envolvendo-criptomoedas-no-brasil-e-no-exterior-e-alvo-de-operacao- da-policia-federal/

https://cbncuritiba.com.br/materias/policia-federal-faz-balanco-parcial-de-apreensoes-da-operacao-

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688.
The verification code at https://oab.portaldeassinaturas.com.br/443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br – www.just.trd.br

Página 30 de 31

Translation No. I-66457
Book No. 808
Page 325

**Sandra Regina Mattos Rudzit**

TRADUTORA PÚBLICA

poyais/

https://www.bandab.com.br/seguranca/curitibano-que-comandava-fraudes-com-criptomoedas-e-alvo-da-pf/

https://www.otempo.com.br/economia/vitimas-de-sheik-dos-bitcoins-cobram-r-1-5-bilhoes-1.2752017

https://www1.folha.uol.com.br/mercado/2022/07/empresa-de-bitcoin-que-deu-golpe-em-sasha-faz-mais-vitimas-entenda-a-fraude-e-saiba-fugir.shtml

[12] STJ - REsp 1325663/SP, reporting Justice NANCY ANDRIGHI, THIRD PANEL, trial date 06/11/2013, DJe of 06/24/2013.

[13] CIVIL PROCEDURE. SPECIAL APPEAL UNDER THE REPETITIVE APPEALS PROCEDURE. ART. 85, PARAGRAPHS 2, 3, 4, 5, 6, AND 8 OF THE CPC. FEES OF LOSS OF SUIT. HIGH VALUES OF THE ADVERSE AWARD, OF THE AMOUNT IN CONTROVERSY OR ECONOMIC BENEFIT OF THE CLAIM. IMPOSSIBILITY OF FIXATION BY EQUITABLE ASSESSMENT. SPECIAL APPEAL HEARD AND GRANTED. APPEAL JUDGED UNDER THE SYSTEM OF ARTS. 1.036 ET SEQ. OF THE 2015 CPC, COUPLED WITH ARTS. 256-N ET SEQ. OF THE INTERNAL REGULATIONS OF THE STJ. 1. The purpose of this lawsuit is to define the scope of the rule contained in art. 85, paragraph 8 of the CPC, in order to understand its events of application, as well as whether the fixing of fees by equitable assessment is permitted when the values of the adverse award, of the amount in controversy, or the economic benefit of the lawsuit are high. [...] 24. Legal theses established: i) The fixing of fees by equitable assessment is not permitted when the values of the adverse award, of the amount in controversy, or the economic benefit of the lawsuit are high. In such cases, compliance with the percentages provided for in paragraphs 2 or 3 of art. 85 of the CPC is mandatory - depending on the participation of the Public Treasury in the lawsuit -, which will subsequently be calculated on the: (a) of the adverse award; or (b) of the economic benefit obtained; or (c) of the adjusted amount in controversy. ii) Arbitration of fees based on equity is only permitted when, whether or not there is an adverse judgment: (a) the economic benefit obtained by the winning party is inestimable or insignificant; or (b) the amount in controversy is very low. [...] (REsp No. 1.906.618/SP, reporting Justice Og Fernandes, Special Court, trial date 03/16/2022, DJe of 05/31/2022.)

(barcode)

Document digitally signed, according to Provisional Remedy (MP) No. 2.200-2/2001, Law No. 11.419/2006, Projudi resolution, TJPR/OE

Validation hereof at https://projudi.tjpr.jus.br/projudi/ - Identifier: PJ8UN NGY5S YWKQ3 DUCMU
*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, August 12, 2025*

*Receipt No. 28522*

SANDRA REGINA MATTOS RUDZIT

Certified Translator

pgi/375984.doc

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP nº 1688.
The verification code at https://oab.portaldeassinaturas.com.br:443 is F268-DD70-62FB-56B3.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688-CPF 082.060.018-08- RG 8.222.837-1
Alameda Santos, 1398 - Cj. 07 – Térreo – Cerqueira César – Cep: 01418-100 - São Paulo - SP- Brasil
Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br www.just.trd.br



# PROTOCOLO DE ASSINATURA(S)

In order to verify the signature, click here https://oab.portaldeassinaturas.com.br/Verificar/F268-DD70-62FB-56B3 or visit https://oab.portaldeassinaturas.com.br:443 and use the code below to check if this document is valid.

## Código para verificação: F268-DD70-62FB-56B3



**Hash do Documento**

C69E2BBB63814C333AA73459234D85340C75E154CC81A732E51D549AEDD44427

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 12/08/2025 é(são) :

☑ Sandra Regina Mattos Rudzit (Signatário) -   em 12/08/2025 14:15 UTC-03:00
**Tipo:** Certificado Digital

